# Exhibit 7

Trials@uspto.gov                                                   Paper 22
571-272-7822                                              Date: May 23, 2023

UNITED STATES PATENT AND TRADEMARK OFFICE

———————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

———————

GOOGLE LLC,
Petitioner,

v.

VALTRUS INNOVATIONS LIMITED,
Patent Owner.

———————

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2) [1]

———————

Before NORMAN H. BEAMER, SHARON FENICK, and
PAUL J. KORNICZKY, *Administrative Patent Judges*.

KORNICZKY, *Administrative Patent Judge*.

ORDER
Conduct of the Proceeding
*37 C.F.R. § 42.5*

———————

[1] We exercise our discretion to issue one Order to be filed in each
proceeding. The parties are not authorized to use this style heading for any
subsequent papers.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

## I.   INTRODUCTION

On April 24, 2023, after conferencing with the parties, we issued an order granting Patent Owner's request to file a motion for additional discovery, and authorizing Petitioner to file an opposition.  IPR2022-01497, Paper 14[2]; IPR2022-01545, Paper 14.  Patent Owner filed a Motion for Additional Discovery in each case.  IPR2022-01497, Paper 16 ("Mot."); IPR2022-01545, Paper 16.  Petitioner filed its Opposition to Patent Owner's Motion in each case.  IPR2022-01497, Paper 17 ("Opp."); IPR2022-01545, Paper 17.  As authorized (IPR2022-01497, Paper 19; IPR2022-01545, Paper 19), Patent Owner filed a Reply in each case.  IPR2022-01497, Paper 20 ("Reply"); IPR2022-01545, Paper 20.

After considering the arguments, evidence, and facts before us, we determine that:

(1) Patent Owner has satisfied its burden to establish that it is in the interest of justice to grant Patent Owner's Motion for Additional Discovery from inventors Jianchang Mao, Prabhakar Raghavan, Rajat Mukherjee, Michel Tourn, and Mani Abrol, but not inventor Panyiotis Tsaparas; and

(2) Patent Owner has satisfied its burden to establish that it is in the interest of justice to grant Patent Owner's Motion for Additional Discovery

---

[2] We cite to documents in IPR2022-01497.  The same or substantially the same statements were made in the papers in each proceeding.  The main difference is that, in the -01497 case, Patent Owner seeks to antedate March 13, 2001, the Li reference's filing date and, in the -01545 case, Patent Owner seeks to antedate July 24, 2001, the Bushee reference's filing date.  Additionally, while we address all inventors herein, the claims of different patents are challenged in each proceeding, and the patents list overlapping but not identical sets of inventors.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

from Micro Focus, but not Open Text Corp. Thus, for the reasons that follow, Patent Owner's Motion is granted-in-part and denied-in–part.

## II.    PATENT OWNER'S DISCOVERY REQUESTS

Patent Owner contends that Petitioner's prior art references — Li (U.S. Patent 7,231,381 B2) in the -01497 case and Bushee (U.S. Patent 6,711,569 B1) in the -01545 case — do not qualify as prior art because Patent Owner is able to antedate the filing dates of these references using the "Verity K2 source code" which contains the claimed inventions and was publicly available before the references' filing dates. Mot. 1. Patent Owner argues that the Verity K2 product and its source code were publicly available as early as January 2001. Mot. 4 (citing Ex. 2004). And, in the -01497 case, the inventors' declaration was signed on April 18, 2001, less than a month after Li's filing date (March 13, 2001). IPR2022-01497, Inst. Dec. 13. Similarly, in the -01545 case, the inventors' declarations were signed on August 3, 6, and 8, 2001, a few weeks after Bushee's filing date (July 24, 2001). IPR2022-01545, Inst. Dec. 27.

To antedate the Li and Bushee references, Patent Owner wants discovery from Micro Focus and OpenText Corp. and from the inventors of U.S. Patents 6,738,764 B2 ("the '764 patent") and U.S. Patent 6,728,704 ("the '704 patent"), i.e., Jianchang Mao, Prabhakar Raghavan, Rajat Mukherjee, Michel Tourn, Mani Abrol, and Panyiotis Tsaparas.

### A. Discovery from Micro Focus/OpenText

Patent Owner requests production regarding the "Verity K2 source code" which it argues is "currently hosted" by Micro Focus, an entity which "was recently acquired by OpenText Corp." and testimony of "a corporate

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

representative of Micro Focus or OpenText Corp." about this source code.
Mot. 1, 4.  Patent Owner seeks documents and information about the
contents of the source code and its earliest date of use, publication, and sale.
Mot. 1, 4.

Patent Owner's requests for documents and things from Micro Focus
and OpenText are reproduced below.  Mot. 14–15 (Appendix A).

## REQUEST FOR PRODUCTION NO. 1

Document(s) or thing(s) sufficient to show the content
and operation of Verity software, including for the Verity K2
Toolkit and Verity K2 Catalog, as it existed on or before March
12, 2001. Responsive documents or things include, for
example, a copy of Verity source code, including for the Verity
K2 Toolkit and Verity K2 Catalog and written descriptions of
the same as it existed on or before March 12, 2001. Responsive
documents or things further include computer program
printouts for Verity software deposited with the United States
Copyright Office with the registration number TX0005762136,
entitled "Verity developer's kit v2.7.

## REQUEST FOR PRODUCTION NO. 2

Document(s) or thing(s) sufficient to show the dates of
creation of the Verity software, including the Verity K2 Toolkit
and Verity K2 Catalog, identified under Request #1, as well as
the date of public use and availability.  Responsive documents
or things may include, for example:

> • documents reflecting the earliest date of use of the
> Verity software, including the Verity K2 Toolkit, Verity
> K2 Catalog, or related software;

> • documents reflecting the earliest publication of the
> Verity software, including the Verity K2 Toolkit, Verity
> K2 Catalog, or related software;

> • documents reflecting the earliest description of the
> Verity software, including the Verity K2 Toolkit, Verity
> K2 Catalog, or related software;

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

• documents indicating the author(s) of or contributor(s) to the Verity software, including the Verity K2 Toolkit, Verity K2 Catalog, or related software;

• documents reflecting customer(s) that were offered, purchased or used the Verity software, including the Verity K2 Toolkit, Verity K2 Catalog, or related software, and the earliest dates of those purchases or uses;

• following the earliest date of publication, use, sale and/or offer for sale, documents reflecting the extent of any subsequent and/or continuing public availability of the Verity software, including the Verity K2 Toolkit, Verity K2 Catalog, or related software.

Patent Owner's deposition topics for Micro Focus and OpenText are reproduced below. Mot. 15–17 (Appendix A).

**DEPOSITION TOPIC NO. 1**

Facts and circumstances relating to the acquisition and hosting by Micro Focus and/or OpenText of the Verity software, including the Verity K2 Toolkit, Verity K2 Catalog, or related software, including standard practices for storing, cataloging, and authenticating the same.

**DEPOSITION TOPIC NO. 2**

The operation of the Verity software, including the Verity K2 Toolkit, Verity K2 Catalog, or related software, for which you produced documents and things in response to Requests #1 and #2.

**DEPOSITION TOPIC NO. 3**

The date of first public availability, public demonstration, sale or offer for sale in the United States of every version of the Verity software, including the Verity K2 Toolkit, Verity K2 Catalog, or related software, for which you produced documents and things in response to Requests #1 and #2.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

**DEPOSITION TOPIC NO. 4**

After the date of first public availability, public demonstration, sale or offer for sale in the United States of any Verity software for which you produced documents and things in response to Requests #1 and #2, the extent of any subsequent and/or continuing public availability of such Verity software.

**DEPOSITION TOPIC NO. 5**

The authenticity, business record status, public availability of all documents and things produced in response to Requests #1 and #2.

**DEPOSITION TOPIC NO. 6**

The search for and collection of documents and things in response to Requests#1 and #2.

### B. *Discovery from the Inventors*

Patent Owner seeks from the inventors of the '764 and '704 patents testimony and document production regarding the conception and reduction to practice of the claimed inventions. Mot. 2. Specifically, Patent Owner seeks to depose the following inventors: Jianchang Mao, Prabhakar Raghavan, Rajat Mukherjee, Michel Tourn, Mani Abrol, and Panyiotis Tsaparas. *Id.* Mr. Tsaparas "is believed to reside outside of the United States." *Id.* Patent Owner requests a total of eight hours for each of these depositions (four hours for each patent). *Id.*

Patent Owner's request for documents and things in the -01545 case is reproduced below. Mot. 18–21 (Appendix B[3]).

---

[3] Appendix B is directed to the inventors of the '704 patent, claims of which are the subject of the challenge in the -01545 case. Appendix C, substantially similar except directed to the '764 patent and substituting

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

### REQUEST FOR PRODUCTION NO. 1

Document(s) or thing(s) sufficient to show the conception and reduction to practice of the claimed invention of U.S. Patent No. 6,728,704. Responsive documents or things may include, for example:

• inventor or lab notebooks;

• diaries and calendars;

• invention disclosure documents;

• draft patent applications;

• documents relating to the preparation, filing or prosecution of the patent application, including correspondence with prosecuting attorney(ies);

• drafts or copies of articles, abstracts, manuals and presentations relating to the subject matter of pre-2002 adaptive ranking of search results.

• E-mails or posts relating to the subject matter of pre-2002 adaptive ranking of search results.

• Source code or software relating to the subject matter of adaptive ranking of search results created on or before July 23, 2001.

Patent Owner's deposition topics for the inventors in the -01545 case are reproduced below.  Mot. 20–21 (Appendix B).

### DEPOSITION TOPIC NO. 1

Facts and circumstances relating to the conception, development, and testing of any subject matter claimed in U.S. Patent No. 6,728,704, including the decision to develop the subject matter, the time involved in the development, and the timing of the reduction to practice of the claimed invention.

---

March 12, 2001 for July 23, 2001, is directed to the inventors of the '764 patent in the -01497 case.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

**DEPOSITION TOPIC NO. 2**

Facts and circumstances relating to the preparation, filing, or prosecution of each application relating to U.S. Patent No. 6,728,704, including communications with any prosecuting attorney and other named inventors of U.S. Patent No. 6,728,704, and the timing of said applications and communications.

**DEPOSITION TOPIC NO. 3**

Your knowledge of any written description, communication, or drawing of any subject matter claimed in U.S. Patent No. 6,728,704 that was made or prepared before the patent application was filed, and the timing of the same.

**DEPOSITION TOPIC NO. 4**

Your knowledge of any products embodying any invention claimed in U.S. Patent No. 6,728,704, particularly Verity software, including the timing of each product's sale, marketing, manufacture, and use, as well as the features of any such product relevant to the U.S. Patent No. 6,728,704.

## III.   DISCUSSION

In an *inter partes* review, a party seeking discovery beyond what is expressly permitted by rule must do so by motion, and must show that such additional discovery is "necessary in the interest of justice." 35 U.S.C. § 316(a)(5); *see* 37 C.F.R. § 42.51(b)(2)(i). Patent Owner, as the movant, bears the burden of demonstrating that it is entitled to the additional discovery sought. 37 C.F.R. § 42.20(c). We consider the five *Garmin* factors in determining whether additional discovery is necessary in the interest of justice. *Garmin Int'l, Inc. v. Cuozzo Speed Techs. LLC*, IPR2012-00001, Paper 26 at 6-7 (PTAB. Mar. 5, 2013) (precedential). The five *Garmin* factors are:

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

(1) whether there exists more than a possibility and mere allegation that something useful will be discovered;

(2) whether the requests seek the other party's litigation positions and the underlying basis for those positions;

(3) whether the moving party has the ability to generate equivalent information by other means;

(4) whether the moving party has provided easily understandable instructions; and

(5) whether the requests are overly burdensome. *Id.*

### A. *Garmin Factor 1: Useful Information*

The first *Garmin* factor asks whether the party seeking additional discovery demonstrates more than "[t]he mere possibility of finding something useful, and mere allegation something useful will be found." *Garmin*, Paper 26 at 6. "The party requesting discovery should already be in possession of evidence tending to show beyond speculation that in fact something useful will be uncovered." *Id.* "Useful" in this context means "favorable in substantive value to a contention of the party moving for discovery," not just "relevant" or "admissible." *Id.* at 7.

Under this first factor, Patent Owner argues that the discovery it seeks is necessary and in the interest of justice because "[a]ntedating the Bushee and Li references, and thereby showing that the references do not qualify as prior art, 'requires documentary support, from which factual findings and inferences are drawn, in application of the rules and law of conception, reduction to practice, and diligence.'" Mot. 2–3.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

<u>The Micro Focus/OpenText Information</u>

As to the requested Micro Focus/OpenText information, Petitioner argues the evidence shows that the Verity K2 source code was publicly available before the filing dates of Li and Bushee.  Mot. 4 (citing Exs. 2004–2008).  Relying, in part, on its two claim charts (i.e., Ex. 2026 in the -01497 case and Ex. 2024 in the -01545 case), Patent Owner argues that public records about the Verity K2 source code cited in the claim charts show that the Verity K2 source code practiced all of the limitations in the claimed inventions.  *Id.* at 4–5.

Petitioner argues that Garmin Factor 1 weighs against discovery because Patent Owner's claim chart is "attorney-created" and not evidence.  Opp. 6.

We do not agree with Petitioner's argument.  While we agree that Patent Owner's two claim charts are not evidence, the claim charts adequately cite to exhibits relating to the Verity K2 product which adequately show for purposes of this motion that Patent Owner's contentions regarding the Verity K2 source code are more than mere speculation.  Petitioner does not argue otherwise.  Patent Owner's evidence tends to show beyond speculation that something "useful" and "favorable in substantive value" to Patent Owner's contentions will be uncovered from the Verity K2 source code.  *Garmin*, Paper 26 at 6.

Patent Owner argues that

The public record shows that the Verity source code (or at least documentation describing the source code) that [Patent Owner] Valtrus seeks is in the possession, custody, or control of Micro Focus and/or OpenText, raising more than a possibility and mere allegation that useful information will be discovered through Valtrus's requests in Appendix A.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

Mot. 4.

Petitioner argues that Micro Focus was a British company until its acquisition by OpenText, that OpenText is a Canadian corporation, and there is no "reason to believe discoverable information is located in the United States rather than at the companies' headquarters." Opp. 1, 4.

We do not agree. Patent Owner adequately shows that one of Micro Focus's U.S. entities has custody, control, or possession of the Verity K2 source code and other requested information. Reply 2. The parties do not dispute that Micro Focus maintained custody, control, or possession of the Verity K2 source code between 2016 and at least until earlier this year, when Micro Focus was acquired by OpenText. Mot. 1, 4; Opp. 2; Reply 1–3. Micro Focus continues to maintain corporate entities in the United States. *See* Ex. 2034. Finally, we find it significant that Micro Focus's U.S.-based in-house counsel did not take the position that the requested information relating to the Verity copyright deposit is not available, only that Micro Focus would not voluntarily provide the information. Reply 3; Ex. 2045 ¶¶ 3–5. Moreover, even if Micro Focus no longer has physical custody and possession of the Verity K2 source code, it likely has sufficient control and the right or practical ability to secure or compel production of the source code if it continues to sell the Verity K2 products in the United States. Thus, Patent Owner provides adequate evidence tending to show beyond speculation that something useful will be uncovered from Micro Focus. *Garmin*, Paper 26 at 7.

As to OpenText, Patent Owner concedes that discovery from OpenText is "likely irrelevant" because Micro Focus has office locations in eleven states and has agents for service of process in the United States so that Patent Owner will likely be able to obtain the requested production from

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

a U.S. corporation.  Response 3.  Thus, Patent Owner does not provide evidence tending to show beyond speculation that something useful will be uncovered from OpenText.  *Garmin*, Paper 26 at 7.

We determine that the first *Garmin* factor weighs in favor of allowing the requested discovery from Micro Focus, but not OpenText.


The Inventor Information

As to the inventor information, Patent Owner argues that "it is highly likely that useful information will be discovered" because "the inventors know what they invented and when" and, therefore, "there is more than a mere allegation that this highly useful information exists."  Mot. 5. Petitioner argues that the requested information is "essential to developing a full factual record on the conception and reduction to practice of the claimed inventions" and "it will allow [Patent Owner] to corroborate inventor testimony."  *Id*.

Petitioner argues Garmin Factor 1 weighs against the requests because it is improbable that the inventors remember what happened over twenty years ago between March–April 2001 and have any responsive documents. Opp. 7–8.

Petitioner's argument is not persuasive.  We agree with Patent Owner that documents and testimony from the inventors about the conception and reduction to practice of the Verity K2 source code will provide something "useful" and "favorable in substantive value" to Patent Owner's contentions. *Garmin*, Paper 26 at 6.

We determine that the first *Garmin* factor weighs in favor of allowing the requested discovery from inventors Jianchang Mao, Prabhakar Raghavan, Rajat Mukherjee, Michel Tourn, and Mani Abrol.  For the

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

reasons discussed below in regard to the fifth Garmin factor, we find that discovery from inventor Panyiotis Tsaparas is overly burdensome and not in the interest of justice.

B. *Garmin Factor 2: Litigation Positions*

*Garmin* factor 2 asks whether the requests seek the other party's litigation positions and the underlying basis for those positions. *Garmin*, Paper 26 at 6 ("Asking for the other party's litigation positions and the underlying basis for those positions is not necessary in the interests of justice.").

Patent Owner contends that it seeks "documents and testimony regarding conception and reduction to practice of the claimed inventions," not Petitioner's litigation positions or underlying bases for those positions. Mot, 7. Petitioner does not argue that Patent Owner seeks improper litigation positions.

We determine that the second *Garmin* factor weighs in favor of allowing the requested discovery.

C. *Garmin Factor 3: Ability to Generate Equivalent Information*

"Information a party can reasonably figure out or assemble without a discovery request would not be in the interests of justice to have produced by the other party." *Garmin*, Paper 26 at 6.

Patent Owner contends that it can only obtain the requested information from Micro Focus and the inventors. As to the requested Micro Focus-information, Patent Owner contends that (1) Verity originally created and sold the Verity K2 source code, (2) Verity was later acquired by Hewlett Packard Enterprise and then sold to Micro Focus in 2016, and (3) Micro

13

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

Focus was recently acquired by OpenText.  Mot., 1, 4, 7; Opp. 1–3.  Patent Owner states that Hewlett Packard Enterprise no longer has the source-code related information.  Mot. 7–8.  Patent Owner states that it contacted Hewlett Packard Enterprise's counsel, who confirmed that Verity searched for and produced the Verity documents in its possession in the district court litigation.  Ex. 2045 ¶7.  Patent Owner also states that it tried to obtain the Verity K2 source code from Micro Focus but Micro Focus's counsel stated that it would not voluntarily produce the requested information.  Reply, 3 (citing Ex. 2045 ¶¶ 5–6).  Patent Owner asserts that there is no equivalent to inventor testimony regarding the conception and reduction to practice of the claimed inventions in the '764 and '704 patents.  Mot. 8–9.

Petitioner argues that Patent Owner does not meet the "interests of justice" standard and "good cause" requirement for compelled discovery because "Patent Owner, rather than burdening the Board now, could have sought the requested information when it first purchased the patents-in-suit, or by seeking discovery in the district court before the litigation was stayed, or by reaching out informally to the inventors through the inventors' named counsel."  Opp. 8.

We do not agree with Petitioner's arguments.  We determine that Patent Owner cannot reasonably figure out or assemble the requested information without the requested discovery requests.  We determine that the third *Garmin* factor weighs in favor of allowing the requested discovery.

### D. Garmin Factor 4: Easily Understandable Instructions

*Garmin* factor 4 requires that the additional information sought "should be easily understandable."  *Garmin*, Paper 26 at 6.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

Patent Owner argues that the discovery requests are "easily understandable" and "also clearly delineate the scope and subject matter of the testimony and documents sought, and provide a level of specificity sufficient for deponents and other third parties to clearly understand what information is being requested. Mot. 9. Petitioner does not contest that the requests are easily understood. Opp. 10 (addressing factor 4).

We conclude that the requests are easy to understand. We determine that the fourth *Garmin* factor weighs in favor of allowing the requested discovery.

### E. *Garmin Factor 5: Whether the Requests are Overly Burdensome*

*Garmin* factor 5 requires that "[t]he requests must not be overly burdensome to answer, given the expedited nature of *Inter Partes* Review[,] . . . includ[ing] financial burden, burden on human resources, and burden on meeting the time schedule." *Garmin*, Paper 26 at 7.

Patent Owner argues that the document and deposition requests in Appendix A are "not burdensome" and are narrowly tailored to the facts and circumstances surrounding Micro Focus's acquisition and management of the Verity K2 source code. Mot. 9–10.

Petitioner objects to Patent Owner's production requests for several reasons. First, Petitioner argues that Patent Owner's production requests are overbroad and excessively burdensome. Opp. 10. Petitioner provided marked-up and revised Patent Owner's Appendices to narrow Patent Owner's allegedly overbroad requests. Opp. 13–25. To minimize any potential burden, we have redlined Patent Owner's requests in Appendices A–C, incorporating some of Petitioner's revisions, notably to limit the

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

request to the Verity K2 product(s) and to issues regarding conception and actual or constructive reduction to practice.

Second, Petitioner argues that Patent Owner's request for seven hours for a Micro Focus deposition and four hours per-inventor-per-patent (for a total of eight hours) is excessive. We partially agree.

Patent Owner may depose Micro Focus and the first inventor for up to a total of seven hours each, to cover the issues in both cases. Patent Owner may depose each subsequent deposition of an inventor for up to four hours, to cover the issues in both cases. Petitioner's additional time to depose each witness shall be limited to one half of the Patent Owner's time, to cover the issues in both cases.

Third, Petitioner objects that, because Patent Owner seeks a corporate representative deposition on the person most knowledge regarding the maintenance of the documents requested by Patent Owner, the requirements of 37 C.F.R. § 42.52(a)(1) are not satisfied. Opp. 6. We do not agree because a subpoena is enforceable and valid when naming a corporate entity without an specific individual's name. *See* Fed.R.Civ.P. 30(b)(6).

Fourth, Petitioner objects to requested discovery from inventor Tsaparas, who presently resides in Greece, because Patent Owner does not comply with 37 C.F.R. § 42.52(b)(1) and (b)(2). We agree.

Patent Owner does not comply with 37 C.F.R. § 42.52(b)(1)(ii) which requires Patent Owner demonstrate that it "has made reasonable efforts to secure the agreement of [Mr. Tsaparas] to testify in the United States but has been unsuccessful in obtaining the agreement, even though [Patent Owner] has offered to pay the travel expenses of [Mr. Tsaparas] to testify in the United States." Similarly, Patent Owner does not comply with 37 C.F.R. § 42.52(b)(2)(ii) which requires Patent Owner demonstrate that it has made

16

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

reasonable efforts to obtain the agreement of Mr. Tsaparas to produce the requested documents in the United States but has been unsuccessful in obtaining that agreement, even though Patent Owner has offered to pay the expenses of producing the documents in the United States.

Patent Owner does not demonstrate that it made reasonable efforts to obtain Mr. Tsaparas's testimony or documents as required by 37 C.F.R. § 42.52(b). Patent Owner merely states that it engaged and worked with Greek counsel to contact Mr. Tsaparas. Significantly, Patent Owner does not identify details of its efforts including who tried to contact Mr. Tsaparas, when Mr. Tsaparas was contacted, or whether Patent Owner offered to pay the travel expenses of Mr. Tsaparas to testify and produce the requested documents in the United States. *See* 37 C.F.R. § 42.52(b)(1)(ii), (b)(2)(ii). Thus, while Patent Owner asserts that its efforts were reasonable, we do not have sufficient basis to make that determination here.

We determine that the fifth *Garmin* factor weighs in favor of allowing the requested discovery except for the discovery requested from inventor Tsaparas.

### F. Conclusion

We determine that the *Garmin* factors as a whole support granting-in-part Patent Owner's Motion, as described above and in the appendices to this order.

### IV.   ORDER

Accordingly, in consideration of the foregoing, it is hereby:

ORDERED that Petitioner's motion for discovery is granted as to inventors Jianchang Mao, Prabhakar Raghavan, Rajat Mukherjee, Michel

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

Tourn, and Mani Abrol, and Micro Focus and is denied as to inventor

Panyiotis Tsaparas and Open Text Corp.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

## APPENDIX A

**REQUEST FOR PRODUCTION NO. 1**

Document(s) or thing(s) sufficient to show the content and operation of Verity K2 software, including for the Verity K2 Toolkit and Verity K2 Catalog, as it existed on or before March 12, 2001. Responsive documents or things include, for example, a copy of Verity K2 source code, including for the Verity K2 Toolkit and Verity K2 Catalog and written descriptions of the same as it existed on or before March 12, 2001. Responsive documents or things further include computer program printouts for Verity K2 software deposited with the United States Copyright Office with the registration number TX0005762136, entitled "Verity developer's kit v2.7."

**REQUEST FOR PRODUCTION NO. 2**

Document(s) or thing(s) sufficient to show the dates of creation of the Verity K2 software, including the Verity K2 Toolkit and Verity K2 Catalog, identified under Request #1, ~~as well as the date of public use and availability~~. Responsive documents or things may include, for example:

- documents reflecting the earliest date of use of the Verity software, including the Verity K2 Toolkit~~,~~ and Verity K2 Catalog identified under Request #1~~, or related software~~;

- documents reflecting the earliest publication of the Verity K2 software, including the Verity K2 Toolkit and~~,~~ Verity K2 Catalog identified under Request #1~~, or related software~~;

- documents reflecting the earliest description of the Verity K2 software, including the Verity K2 Toolkit and ~~,~~Verity K2 Catalog identified under Request #1~~, or related software~~; and

- documents indicating the author(s) of or contributor(s) to the Verity K2 software, including the Verity K2 Toolkit and ~~,~~ Verity K2 Catalog identified under Request #1~~, or related software~~;

- documents reflecting when customer(s) ~~that~~ were first offered, first purchased or first used the Verity K2 software, including the Verity K2 Toolkit and ~~,~~Verity K2 Catalog identified under

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

~~Request #1~~, ~~or related software, and the earliest dates of those~~
~~purchases or uses;~~

~~• following the earliest date of publication, use, sale and/or~~
~~offer for sale, documents reflecting the extent of any subsequent~~
~~and/or continuing public availability of the Verity K2 software,~~
~~including the Verity K2 Toolkit and , Verity K2 Catalog~~
~~identified under Request #1, or related software~~.

## DEPOSITION TOPIC NO. 1

Facts and circumstances relating to the acquisition and hosting
by Micro Focus and/or OpenText of the Verity K2 software, including
the Verity K2 Toolkit and~~,~~ Verity K2 Catalog ~~, or related software~~,
including standard practices for storing, cataloging, and authenticating
the same.

## DEPOSITION TOPIC NO. 2

The operation of the Verity K2 software, including the Verity
K2 Toolkit and ~~,~~ Verity K2 Catalog~~, or related software~~, for which
you produced documents and things in response to Requests #1 and
#2.

## ~~DEPOSITION TOPIC NO. 3~~

~~The date of first public availability, public demonstration, sale~~
~~or offer for sale in the United States of every version of the Verity K2~~
~~software, including the Verity K2 Toolkit and , Verity K2 Catalog, or~~
~~related software, for which you produced documents and things in~~
~~response to Requests #1 and #2.~~

## ~~DEPOSITION TOPIC NO. 4~~

~~After the date of first public availability, public demonstration,~~
~~sale or offer for sale in the United States of any Verity K2 software~~
~~for which you produced documents and things in response to Requests~~
~~#1 and #2, the extent of any subsequent and/or continuing public~~
~~availability of such Verity K2 software.~~

## DEPOSITION TOPIC NO. ~~5~~3

The authenticity~~,~~ and business record status~~, public availability~~
of all documents and things produced in response to Requests #1 and
#2.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

## DEPOSITION TOPIC NO. 6<u>4</u>

The search for and collection of documents and things in response to Requests #1 and #2.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

## APPENDIX B (U.S. PATENT NO. 6,728,704)

**REQUEST FOR PRODUCTION NO. 1**

Document(s) or thing(s) <u>created before the filing date of U.S Patent No. 6,728,704</u> sufficient to show the conception and reduction to practice of the claimed invention of U.S. Patent No. 6,728,704. Responsive documents or things may include, for example:

- inventor or lab notebooks;

- diaries and calendars

- invention disclosure documents;

- draft patent applications;

- documents relating to the preparation, filing or prosecution of the patent application, including correspondence with prosecuting attorney(ies);

- drafts or copies of articles, abstracts, manuals and presentations relating to the subject matter of ~~pre-2002~~ merging of results from multiple search engines.

- E-mails or posts relating to the subject matter of ~~pre-2002~~ merging of results from multiple search engines.

- Source code or software relating to the subject matter of merging results from multiple search engines ~~created on or before July 23, 2001~~.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

# REQUEST FOR DEPOSITION

## DEPOSITION TOPIC NO. 1

Facts and circumstances relating to the conception, development, and testing of ~~any subject matter~~ the claimed <u>invention</u> ~~in~~ of U.S. Patent No. 6,728,704 that occurred before the filing date of this patent, including the decision to develop the subject matter, the time involved in the development, and the timing of the reduction to practice of the claimed invention.

## DEPOSITION TOPIC NO. 2

Facts and circumstances relating to the preparation, filing, or prosecution of ~~each~~ the application ~~relating to~~ that issued as U.S. Patent No. 6,728,704 that occurred before the filing date of this patent, including communications with any prosecuting attorney and other named inventors of U.S. Patent No. 6,728,704, and the timing of said applications and communications.

## DEPOSITION TOPIC NO. 3

Your knowledge of any written description, communication, or drawing of any subject matter claimed in U.S. Patent No. 6,728,704 that was made or prepared before the patent application was filed, and the timing of the same.

## DEPOSITION TOPIC NO. 4

Your knowledge of any Verity K2 products embodying any invention claimed in U.S. Patent No. 6,728,704, particularly Verity K2 software, that was actually reduced to practice before the filing date of this patent, including the timing of each product's sale, marketing, manufacture, and use, as well as the features of any such product relevant to the U.S. Patent No. 6,728,704.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

## <u>APPENDIX C (U.S. PATENT NO. 6,738,764)</u>

## DOCUMENTS AND THINGS REQUESTED

## REQUEST FOR PRODUCTION NO. 1

Document(s) or thing(s) <u>created before the filing date of U.S. Patent No. 6,738,764 </u>sufficient to show the conception and reduction to practice of the claimed invention of U.S. Patent No. 6,738,764. Responsive documents or things may include, for example:

- inventor or lab notebooks;

- diaries and calendars;

- invention disclosure documents;

- draft patent applications;

- documents relating to the preparation, filing or prosecution of the patent application, including correspondence with prosecuting attorney(ies);

- drafts or copies of articles, abstracts, manuals and presentations relating to the subject matter of ~~pre-2002~~ adaptive ranking of search results.

- E-mails or posts relating to the subject matter of ~~pre-2002~~ adaptive ranking of search results.

- Source code or software relating to the subject matter of adaptive ranking of search results created on or before March 12, 2001.

## REQUEST FOR DEPOSITION

## DEPOSITION TOPIC NO. 1

Facts and circumstances relating to the conception, development, testing of ~~any subject matter~~the claimed <u>inventions of</u> ~~in~~ U.S. Patent No. 6,738,764 <u>that</u> <u>occurred before the filing date of this patent</u>, including the decision to develop the subject matter, the time involved in the development, and the timing of the reduction to practice of the claimed invention.

24

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

## DEPOSITION TOPIC NO. 2

Facts and circumstances relating to the preparation, filing, or prosecution of ~~each~~ the application ~~relating to~~ that issued as U.S. Patent No. 6,738,764 that occurred before the filing date of this patent, including communications with any prosecuting attorney and other named inventors of U.S. Patent No. 6,738,764, and the timing of said applications and communications.

## DEPOSITION TOPIC NO. 3

Your knowledge of any written description, communication, or drawing of any subject matter claimed in U.S. Patent No. 6,738,764 that was made or prepared before the patent application was filed, and the timing of the same.

## DEPOSITION TOPIC NO. 4

Your knowledge of any Verity K2 products embodying any invention claimed in U.S. Patent No. 6,738,764, particularly Verity K2 software, that was actually reduced to practice before the filing date of this patent, including the timing of each product's sale, marketing, manufacture, and use, as well as the features of any such product relevant to the U.S. Patent No. 6,738,764.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

FOR PETITIONER:

Matthew A. Smith
Andrew S. Baluch
SMITH BALUCH LLP
smith@smithbaluch.com
baluch@smithbaluch.com

FOR PATENT OWNER:

Hong A. Zhong
Amy E. Proctor
Blair Silver
IRELL & MANELLA LLP
hzhong@irell.com
aproctor@irell.com
bsilver@irell.com