# Exhibit 12

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Utah

| | |
|---|---|
| GOOGLE LLC, Petitioner | ) |
| *Plaintiff* | ) |
| v. | ) |
| VALTRUS INNOVATIONS LTD., Patent Owner | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   IPR2022-01545, IPR2022-01497

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                  MICRO FOCUS
                        1800 S. Novell Place, Provo, UT 84606
                    *(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:  See attached Exhibits A, B, and C.

| Place: Remote videoconference, or at a mutually agreed time and place. | Date and Time: 06/23/2023 9:00 am |
|---|---|

The deposition will be recorded by this method:    Audiovisual and/or stenographic means.

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      05/26/2023

CLERK OF COURT

                                                                    OR

_____                    /s/ H. Annita Zhong
  *Signature of Clerk or Deputy Clerk*                    _____
                                                                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Valtrus Innovations Ltd.
_____ , who issues or requests this subpoena, are:
H. Annita Zhong, 1800 Avenue of the Stars, Suite 900, Los Angeles, CA 90067; hzhong@irell.com; (310) 277-1010

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   IPR2022-01545, IPR2022-01497

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DOCUMENTS AND THINGS REQUESTED

**REQUEST FOR PRODUCTION NO. 1**

Document(s) or thing(s) sufficient to show the content and operation of Verity K2 software, including for the Verity K2 Toolkit and Verity K2 Catalog, as it existed on or before March 12, 2001.  Responsive documents or things include, for example, a copy of Verity K2 source code, including for the Verity K2 Toolkit and Verity K2 Catalog and written descriptions of the same as it existed on or before March 12, 2001. Responsive documents or things further include computer program printouts for Verity K2 software deposited with the United States Copyright Office with the registration number TX0005762136, entitled "Verity developer's kit v2.7."

**REQUEST FOR PRODUCTION NO. 2**

Document(s) or thing(s) sufficient to show the dates of creation of the Verity K2 software, including the Verity K2 Toolkit and Verity K2 Catalog, identified under Request #1.  Responsive documents or things may include, for example:

- documents reflecting the earliest date of use of the Verity software, including the Verity K2 Toolkit and Verity K2 Catalog identified under Request #1;

- documents reflecting the earliest publication of the Verity K2 software, including the Verity K2 Toolkit and, Verity K2 Catalog identified under Request #1;

- documents reflecting the earliest description of the Verity K2 software, including the Verity K2 Toolkit and Verity K2 Catalog identified under Request #1; and

- documents indicating the author(s) of or contributor(s) to the Verity K2 software, including the Verity K2 Toolkit and Verity K2 Catalog identified under Request #1;

- documents reflecting when customer(s) were first offered, first purchased or first used the Verity K2 software, including the Verity K2 Toolkit and Verity K2 Catalog identified under Request #1.

## <u>REQUEST FOR DEPOSITION</u>

**DEPOSITION TOPIC NO. 1**

Facts and circumstances relating to the acquisition and hosting by Micro Focus and/or OpenText of the Verity software, including the Verity K2 Toolkit and Verity K2 Catalog, including standard practices for storing, cataloging, and authenticating the same.

**DEPOSITION TOPIC NO. 2**

The operation of the Verity K2 software, including the Verity K2 Toolkit and Verity K2 Catalog, for which you produced documents and things in response to Requests #1 and #2.

**DEPOSITION TOPIC NO. 3**

The authenticity and business record status of all documents and things produced in response to Requests #1 and #2.

**DEPOSITION TOPIC NO. 4**

The search for and collection of documents and things in response to Requests #1 and #2.

# EXHIBIT B

Trials@uspto.gov
571-272-7822

Paper 22
Date: May 23, 2023

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE PATENT TRIAL AND APPEAL BOARD

GOOGLE LLC,
Petitioner,

v.

VALTRUS INNOVATIONS LIMITED,
Patent Owner.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2) [1]

Before NORMAN H. BEAMER, SHARON FENICK, and
PAUL J. KORNICZKY, *Administrative Patent Judges*.

KORNICZKY, *Administrative Patent Judge*.

ORDER
Conduct of the Proceeding
*37 C.F.R. § 42.5*

---

[1] We exercise our discretion to issue one Order to be filed in each proceeding. The parties are not authorized to use this style heading for any subsequent papers.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

## I.   INTRODUCTION

On April 24, 2023, after conferencing with the parties, we issued an order granting Patent Owner's request to file a motion for additional discovery, and authorizing Petitioner to file an opposition.  IPR2022-01497, Paper 14[2]; IPR2022-01545, Paper 14.  Patent Owner filed a Motion for Additional Discovery in each case.  IPR2022-01497, Paper 16 ("Mot."); IPR2022-01545, Paper 16.  Petitioner filed its Opposition to Patent Owner's Motion in each case.  IPR2022-01497, Paper 17 ("Opp."); IPR2022-01545, Paper 17.  As authorized (IPR2022-01497, Paper 19; IPR2022-01545, Paper 19), Patent Owner filed a Reply in each case.  IPR2022-01497, Paper 20 ("Reply"); IPR2022-01545, Paper 20.

After considering the arguments, evidence, and facts before us, we determine that:

(1) Patent Owner has satisfied its burden to establish that it is in the interest of justice to grant Patent Owner's Motion for Additional Discovery from inventors Jianchang Mao, Prabhakar Raghavan, Rajat Mukherjee, Michel Tourn, and Mani Abrol, but not inventor Panyiotis Tsaparas; and

(2) Patent Owner has satisfied its burden to establish that it is in the interest of justice to grant Patent Owner's Motion for Additional Discovery

---

[2] We cite to documents in IPR2022-01497.  The same or substantially the same statements were made in the papers in each proceeding.  The main difference is that, in the -01497 case, Patent Owner seeks to antedate March 13, 2001, the Li reference's filing date and, in the -01545 case, Patent Owner seeks to antedate July 24, 2001, the Bushee reference's filing date.  Additionally, while we address all inventors herein, the claims of different patents are challenged in each proceeding, and the patents list overlapping but not identical sets of inventors.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

from Micro Focus, but not Open Text Corp. Thus, for the reasons that follow, Patent Owner's Motion is granted-in-part and denied-in-part.

## II.    PATENT OWNER'S DISCOVERY REQUESTS

Patent Owner contends that Petitioner's prior art references — Li (U.S. Patent 7,231,381 B2) in the -01497 case and Bushee (U.S. Patent 6,711,569 B1) in the -01545 case — do not qualify as prior art because Patent Owner is able to antedate the filing dates of these references using the "Verity K2 source code" which contains the claimed inventions and was publicly available before the references' filing dates. Mot. 1. Patent Owner argues that the Verity K2 product and its source code were publicly available as early as January 2001. Mot. 4 (citing Ex. 2004). And, in the -01497 case, the inventors' declaration was signed on April 18, 2001, less than a month after Li's filing date (March 13, 2001). IPR2022-01497, Inst. Dec. 13. Similarly, in the -01545 case, the inventors' declarations were signed on August 3, 6, and 8, 2001, a few weeks after Bushee's filing date (July 24, 2001). IPR2022-01545, Inst. Dec. 27.

To antedate the Li and Bushee references, Patent Owner wants discovery from Micro Focus and OpenText Corp. and from the inventors of U.S. Patents 6,738,764 B2 ("the '764 patent") and U.S. Patent 6,728,704 ("the '704 patent"), i.e., Jianchang Mao, Prabhakar Raghavan, Rajat Mukherjee, Michel Tourn, Mani Abrol, and Panyiotis Tsaparas.

### A. Discovery from Micro Focus/OpenText

Patent Owner requests production regarding the "Verity K2 source code" which it argues is "currently hosted" by Micro Focus, an entity which "was recently acquired by OpenText Corp." and testimony of "a corporate

3

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

representative of Micro Focus or OpenText Corp." about this source code.
Mot. 1, 4.   Patent Owner seeks documents and information about the
contents of the source code and its earliest date of use, publication, and sale.
Mot. 1, 4.

Patent Owner's requests for documents and things from Micro Focus
and OpenText are reproduced below.   Mot. 14–15 (Appendix A).

### REQUEST FOR PRODUCTION NO. 1

Document(s) or thing(s) sufficient to show the content
and operation of Verity software, including for the Verity K2
Toolkit and Verity K2 Catalog, as it existed on or before March
12, 2001. Responsive documents or things include, for
example, a copy of Verity source code, including for the Verity
K2 Toolkit and Verity K2 Catalog and written descriptions of
the same as it existed on or before March 12, 2001. Responsive
documents or things further include computer program
printouts for Verity software deposited with the United States
Copyright Office with the registration number TX0005762136,
entitled "Verity developer's kit v2.7.

### REQUEST FOR PRODUCTION NO. 2

Document(s) or thing(s) sufficient to show the dates of
creation of the Verity software, including the Verity K2 Toolkit
and Verity K2 Catalog, identified under Request #1, as well as
the date of public use and availability. Responsive documents
or things may include, for example:

• documents reflecting the earliest date of use of the
Verity software, including the Verity K2 Toolkit, Verity
K2 Catalog, or related software;

• documents reflecting the earliest publication of the
Verity software, including the Verity K2 Toolkit, Verity
K2 Catalog, or related software;

• documents reflecting the earliest description of the
Verity software, including the Verity K2 Toolkit, Verity
K2 Catalog, or related software;

4

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

• documents indicating the author(s) of or contributor(s) to the Verity software, including the Verity K2 Toolkit, Verity K2 Catalog, or related software;

• documents reflecting customer(s) that were offered, purchased or used the Verity software, including the Verity K2 Toolkit, Verity K2 Catalog, or related software, and the earliest dates of those purchases or uses;

• following the earliest date of publication, use, sale and/or offer for sale, documents reflecting the extent of any subsequent and/or continuing public availability of the Verity software, including the Verity K2 Toolkit, Verity K2 Catalog, or related software.

Patent Owner's deposition topics for Micro Focus and OpenText are reproduced below.  Mot. 15–17 (Appendix A).

## DEPOSITION TOPIC NO. 1

Facts and circumstances relating to the acquisition and hosting by Micro Focus and/or OpenText of the Verity software, including the Verity K2 Toolkit, Verity K2 Catalog, or related software, including standard practices for storing, cataloging, and authenticating the same.

## DEPOSITION TOPIC NO. 2

The operation of the Verity software, including the Verity K2 Toolkit, Verity K2 Catalog, or related software, for which you produced documents and things in response to Requests #1 and #2.

## DEPOSITION TOPIC NO. 3

The date of first public availability, public demonstration, sale or offer for sale in the United States of every version of the Verity software, including the Verity K2 Toolkit, Verity K2 Catalog, or related software, for which you produced documents and things in response to Requests #1 and #2.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

**DEPOSITION TOPIC NO. 4**

After the date of first public availability, public demonstration, sale or offer for sale in the United States of any Verity software for which you produced documents and things in response to Requests #1 and #2, the extent of any subsequent and/or continuing public availability of such Verity software.

**DEPOSITION TOPIC NO. 5**

The authenticity, business record status, public availability of all documents and things produced in response to Requests #1 and #2.

**DEPOSITION TOPIC NO. 6**

The search for and collection of documents and things in response to Requests #1 and #2.

B. *Discovery from the Inventors*

Patent Owner seeks from the inventors of the '764 and '704 patents testimony and document production regarding the conception and reduction to practice of the claimed inventions. Mot. 2. Specifically, Patent Owner seeks to depose the following inventors: Jianchang Mao, Prabhakar Raghavan, Rajat Mukherjee, Michel Tourn, Mani Abrol, and Panyiotis Tsaparas. *Id.* Mr. Tsaparas "is believed to reside outside of the United States." *Id.* Patent Owner requests a total of eight hours for each of these depositions (four hours for each patent). *Id.*

Patent Owner's request for documents and things in the -01545 case is reproduced below. Mot. 18–21 (Appendix B[3]).

_____

[3] Appendix B is directed to the inventors of the '704 patent, claims of which are the subject of the challenge in the -01545 case. Appendix C, substantially similar except directed to the '764 patent and substituting

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

### REQUEST FOR PRODUCTION NO. 1

Document(s) or thing(s) sufficient to show the conception and reduction to practice of the claimed invention of U.S. Patent No. 6,728,704. Responsive documents or things may include, for example:

• inventor or lab notebooks;

• diaries and calendars;

• invention disclosure documents;

• draft patent applications;

• documents relating to the preparation, filing or prosecution of the patent application, including correspondence with prosecuting attorney(ies);

• drafts or copies of articles, abstracts, manuals and presentations relating to the subject matter of pre-2002 adaptive ranking of search results.

• E-mails or posts relating to the subject matter of pre-2002 adaptive ranking of search results.

• Source code or software relating to the subject matter of adaptive ranking of search results created on or before July 23, 2001.

Patent Owner's deposition topics for the inventors in the -01545 case are reproduced below.  Mot. 20–21 (Appendix B).

### DEPOSITION TOPIC NO. 1

Facts and circumstances relating to the conception, development, and testing of any subject matter claimed in U.S. Patent No. 6,728,704, including the decision to develop the subject matter, the time involved in the development, and the timing of the reduction to practice of the claimed invention.

---

March 12, 2001 for July 23, 2001, is directed to the inventors of the '764 patent in the -01497 case.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

**DEPOSITION TOPIC NO. 2**

Facts and circumstances relating to the preparation, filing, or prosecution of each application relating to U.S. Patent No. 6,728,704, including communications with any prosecuting attorney and other named inventors of U.S. Patent No. 6,728,704, and the timing of said applications and communications.

**DEPOSITION TOPIC NO. 3**

Your knowledge of any written description, communication, or drawing of any subject matter claimed in U.S. Patent No. 6,728,704 that was made or prepared before the patent application was filed, and the timing of the same.

**DEPOSITION TOPIC NO. 4**

Your knowledge of any products embodying any invention claimed in U.S. Patent No. 6,728,704, particularly Verity software, including the timing of each product's sale, marketing, manufacture, and use, as well as the features of any such product relevant to the U.S. Patent No. 6,728,704.

## III.    DISCUSSION

In an *inter partes* review, a party seeking discovery beyond what is expressly permitted by rule must do so by motion, and must show that such additional discovery is "necessary in the interest of justice." 35 U.S.C. § 316(a)(5); *see* 37 C.F.R. § 42.51(b)(2)(i). Patent Owner, as the movant, bears the burden of demonstrating that it is entitled to the additional discovery sought. 37 C.F.R. § 42.20(c). We consider the five *Garmin* factors in determining whether additional discovery is necessary in the interest of justice. *Garmin Int'l, Inc. v. Cuozzo Speed Techs. LLC*, IPR2012-00001, Paper 26 at 6-7 (PTAB. Mar. 5, 2013) (precedential). The five *Garmin* factors are:

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

(1) whether there exists more than a possibility and mere allegation that something useful will be discovered;

(2) whether the requests seek the other party's litigation positions and the underlying basis for those positions;

(3) whether the moving party has the ability to generate equivalent information by other means;

(4) whether the moving party has provided easily understandable instructions; and

(5) whether the requests are overly burdensome. *Id.*

### A. Garmin Factor 1: Useful Information

The first *Garmin* factor asks whether the party seeking additional discovery demonstrates more than "[t]he mere possibility of finding something useful, and mere allegation something useful will be found." *Garmin*, Paper 26 at 6. "The party requesting discovery should already be in possession of evidence tending to show beyond speculation that in fact something useful will be uncovered." *Id.* "Useful" in this context means "favorable in substantive value to a contention of the party moving for discovery," not just "relevant" or "admissible." *Id.* at 7.

Under this first factor, Patent Owner argues that the discovery it seeks is necessary and in the interest of justice because "[a]ntedating the Bushee and Li references, and thereby showing that the references do not qualify as prior art, 'requires documentary support, from which factual findings and inferences are drawn, in application of the rules and law of conception, reduction to practice, and diligence.'" Mot. 2–3.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

<u>The Micro Focus/OpenText Information</u>

As to the requested Micro Focus/OpenText information, Petitioner argues the evidence shows that the Verity K2 source code was publicly available before the filing dates of Li and Bushee.  Mot. 4 (citing Exs. 2004–2008).  Relying, in part, on its two claim charts (i.e., Ex. 2026 in the -01497 case and Ex. 2024 in the -01545 case), Patent Owner argues that public records about the Verity K2 source code cited in the claim charts show that the Verity K2 source code practiced all of the limitations in the claimed inventions.  *Id*. at 4–5.

Petitioner argues that Garmin Factor 1 weighs against discovery because Patent Owner's claim chart is "attorney-created" and not evidence.  Opp. 6.

We do not agree with Petitioner's argument.  While we agree that Patent Owner's two claim charts are not evidence, the claim charts adequately cite to exhibits relating to the Verity K2 product which adequately show for purposes of this motion that Patent Owner's contentions regarding the Verity K2 source code are more than mere speculation.  Petitioner does not argue otherwise.  Patent Owner's evidence tends to show beyond speculation that something "useful" and "favorable in substantive value" to Patent Owner's contentions will be uncovered from the Verity K2 source code.  *Garmin*, Paper 26 at 6.

Patent Owner argues that

The public record shows that the Verity source code (or at least documentation describing the source code) that [Patent Owner] Valtrus seeks is in the possession, custody, or control of Micro Focus and/or OpenText, raising more than a possibility and mere allegation that useful information will be discovered through Valtrus's requests in Appendix A.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

Mot. 4.

Petitioner argues that Micro Focus was a British company until its acquisition by OpenText, that OpenText is a Canadian corporation, and there is no "reason to believe discoverable information is located in the United States rather than at the companies' headquarters." Opp. 1, 4.

We do not agree.  Patent Owner adequately shows that one of Micro Focus's U.S. entities has custody, control, or possession of the Verity K2 source code and other requested information.  Reply 2.  The parties do not dispute that Micro Focus maintained custody, control, or possession of the Verity K2 source code between 2016 and at least until earlier this year, when Micro Focus was acquired by OpenText.  Mot. 1, 4; Opp. 2; Reply 1–3. Micro Focus continues to maintain corporate entities in the United States. *See* Ex. 2034.  Finally, we find it significant that Micro Focus's U.S.-based in-house counsel did not take the position that the requested information relating to the Verity copyright deposit is not available, only that Micro Focus would not voluntarily provide the information.  Reply 3; Ex. 2045 ¶¶ 3–5.  Moreover, even if Micro Focus no longer has physical custody and possession of the Verity K2 source code, it likely has sufficient control and the right or practical ability to secure or compel production of the source code if it continues to sell the Verity K2 products in the United States.  Thus, Patent Owner provides adequate evidence tending to show beyond speculation that something useful will be uncovered from Micro Focus. *Garmin*, Paper 26 at 7.

As to OpenText, Patent Owner concedes that discovery from OpenText is "likely irrelevant" because Micro Focus has office locations in eleven states and has agents for service of process in the United States so that Patent Owner will likely be able to obtain the requested production from

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

a U.S. corporation. Response 3. Thus, Patent Owner does not provide evidence tending to show beyond speculation that something useful will be uncovered from OpenText. *Garmin*, Paper 26 at 7.

We determine that the first *Garmin* factor weighs in favor of allowing the requested discovery from Micro Focus, but not OpenText.


The Inventor Information

As to the inventor information, Patent Owner argues that "it is highly likely that useful information will be discovered" because "the inventors know what they invented and when" and, therefore, "there is more than a mere allegation that this highly useful information exists." Mot. 5. Petitioner argues that the requested information is "essential to developing a full factual record on the conception and reduction to practice of the claimed inventions" and "it will allow [Patent Owner] to corroborate inventor testimony." *Id*.

Petitioner argues Garmin Factor 1 weighs against the requests because it is improbable that the inventors remember what happened over twenty years ago between March–April 2001 and have any responsive documents. Opp. 7–8.

Petitioner's argument is not persuasive. We agree with Patent Owner that documents and testimony from the inventors about the conception and reduction to practice of the Verity K2 source code will provide something "useful" and "favorable in substantive value" to Patent Owner's contentions. *Garmin*, Paper 26 at 6.

We determine that the first *Garmin* factor weighs in favor of allowing the requested discovery from inventors Jianchang Mao, Prabhakar Raghavan, Rajat Mukherjee, Michel Tourn, and Mani Abrol. For the

12

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

reasons discussed below in regard to the fifth *Garmin* factor, we find that discovery from inventor Panyiotis Tsaparas is overly burdensome and not in the interest of justice.

### B. *Garmin Factor 2: Litigation Positions*

*Garmin* factor 2 asks whether the requests seek the other party's litigation positions and the underlying basis for those positions. *Garmin*, Paper 26 at 6 ("Asking for the other party's litigation positions and the underlying basis for those positions is not necessary in the interests of justice.").

Patent Owner contends that it seeks "documents and testimony regarding conception and reduction to practice of the claimed inventions," not Petitioner's litigation positions or underlying bases for those positions. Mot, 7. Petitioner does not argue that Patent Owner seeks improper litigation positions.

We determine that the second *Garmin* factor weighs in favor of allowing the requested discovery.

### C. *Garmin Factor 3: Ability to Generate Equivalent Information*

"Information a party can reasonably figure out or assemble without a discovery request would not be in the interests of justice to have produced by the other party." *Garmin*, Paper 26 at 6.

Patent Owner contends that it can only obtain the requested information from Micro Focus and the inventors. As to the requested Micro Focus-information, Patent Owner contends that (1) Verity originally created and sold the Verity K2 source code, (2) Verity was later acquired by Hewlett Packard Enterprise and then sold to Micro Focus in 2016, and (3) Micro

13

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

Focus was recently acquired by OpenText.  Mot., 1, 4, 7; Opp. 1–3.  Patent Owner states that Hewlett Packard Enterprise no longer has the source-code related information.  Mot. 7–8.  Patent Owner states that it contacted Hewlett Packard Enterprise's counsel, who confirmed that Verity searched for and produced the Verity documents in its possession in the district court litigation.  Ex. 2045 ¶7.  Patent Owner also states that it tried to obtain the Verity K2 source code from Micro Focus but Micro Focus's counsel stated that it would not voluntarily produce the requested information.  Reply, 3 (citing Ex. 2045 ¶¶ 5–6).  Patent Owner asserts that there is no equivalent to inventor testimony regarding the conception and reduction to practice of the claimed inventions in the '764 and '704 patents.  Mot. 8–9.

Petitioner argues that Patent Owner does not meet the "interests of justice" standard and "good cause" requirement for compelled discovery because "Patent Owner, rather than burdening the Board now, could have sought the requested information when it first purchased the patents-in-suit, or by seeking discovery in the district court before the litigation was stayed, or by reaching out informally to the inventors through the inventors' named counsel."  Opp. 8.

We do not agree with Petitioner's arguments.  We determine that Patent Owner cannot reasonably figure out or assemble the requested information without the requested discovery requests.  We determine that the third *Garmin* factor weighs in favor of allowing the requested discovery.

### D. Garmin Factor 4: Easily Understandable Instructions

*Garmin* factor 4 requires that the additional information sought "should be easily understandable."  *Garmin*, Paper 26 at 6.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

Patent Owner argues that the discovery requests are "easily understandable" and "also clearly delineate the scope and subject matter of the testimony and documents sought, and provide a level of specificity sufficient for deponents and other third parties to clearly understand what information is being requested. Mot. 9. Petitioner does not contest that the requests are easily understood. Opp. 10 (addressing factor 4).

We conclude that the requests are easy to understand. We determine that the fourth *Garmin* factor weighs in favor of allowing the requested discovery.

### E. *Garmin Factor 5: Whether the Requests are Overly Burdensome*

*Garmin* factor 5 requires that "[t]he requests must not be overly burdensome to answer, given the expedited nature of *Inter Partes* Review[,] . . . includ[ing] financial burden, burden on human resources, and burden on meeting the time schedule." *Garmin*, Paper 26 at 7.

Patent Owner argues that the document and deposition requests in Appendix A are "not burdensome" and are narrowly tailored to the facts and circumstances surrounding Micro Focus's acquisition and management of the Verity K2 source code. Mot. 9–10.

Petitioner objects to Patent Owner's production requests for several reasons. First, Petitioner argues that Patent Owner's production requests are overbroad and excessively burdensome. Opp. 10. Petitioner provided marked-up and revised Patent Owner's Appendices to narrow Patent Owner's allegedly overbroad requests. Opp. 13–25. To minimize any potential burden, we have redlined Patent Owner's requests in Appendices A–C, incorporating some of Petitioner's revisions, notably to limit the

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

request to the Verity K2 product(s) and to issues regarding conception and actual or constructive reduction to practice.

Second, Petitioner argues that Patent Owner's request for seven hours for a Micro Focus deposition and four hours per-inventor-per-patent (for a total of eight hours) is excessive. We partially agree.

Patent Owner may depose Micro Focus and the first inventor for up to a total of seven hours each, to cover the issues in both cases. Patent Owner may depose each subsequent deposition of an inventor for up to four hours, to cover the issues in both cases. Petitioner's additional time to depose each witness shall be limited to one half of the Patent Owner's time, to cover the issues in both cases.

Third, Petitioner objects that, because Patent Owner seeks a corporate representative deposition on the person most knowledge regarding the maintenance of the documents requested by Patent Owner, the requirements of 37 C.F.R. § 42.52(a)(1) are not satisfied. Opp. 6. We do not agree because a subpoena is enforceable and valid when naming a corporate entity without an specific individual's name. *See* Fed.R.Civ.P. 30(b)(6).

Fourth, Petitioner objects to requested discovery from inventor Tsaparas, who presently resides in Greece, because Patent Owner does not comply with 37 C.F.R. § 42.52(b)(1) and (b)(2). We agree.

Patent Owner does not comply with 37 C.F.R. § 42.52(b)(1)(ii) which requires Patent Owner demonstrate that it "has made reasonable efforts to secure the agreement of [Mr. Tsaparas] to testify in the United States but has been unsuccessful in obtaining the agreement, even though [Patent Owner] has offered to pay the travel expenses of [Mr. Tsaparas] to testify in the United States." Similarly, Patent Owner does not comply with 37 C.F.R. § 42.52(b)(2)(ii) which requires Patent Owner demonstrate that it has made

16

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

reasonable efforts to obtain the agreement of Mr. Tsaparas to produce the requested documents in the United States but has been unsuccessful in obtaining that agreement, even though Patent Owner has offered to pay the expenses of producing the documents in the United States.

Patent Owner does not demonstrate that it made reasonable efforts to obtain Mr. Tsaparas's testimony or documents as required by 37 C.F.R. § 42.52(b). Patent Owner merely states that it engaged and worked with Greek counsel to contact Mr. Tsaparas. Significantly, Patent Owner does not identify details of its efforts including who tried to contact Mr. Tsaparas, when Mr. Tsaparas was contacted, or whether Patent Owner offered to pay the travel expenses of Mr. Tsaparas to testify and produce the requested documents in the United States. *See* 37 C.F.R. § 42.52(b)(1)(ii), (b)(2)(ii). Thus, while Patent Owner asserts that its efforts were reasonable, we do not have sufficient basis to make that determination here.

We determine that the fifth *Garmin* factor weighs in favor of allowing the requested discovery except for the discovery requested from inventor Tsaparas.

### F. Conclusion

We determine that the *Garmin* factors as a whole support granting-in-part Patent Owner's Motion, as described above and in the appendices to this order.

### IV. ORDER

Accordingly, in consideration of the foregoing, it is hereby:

ORDERED that Petitioner's motion for discovery is granted as to inventors Jianchang Mao, Prabhakar Raghavan, Rajat Mukherjee, Michel

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

Tourn, and Mani Abrol, and Micro Focus and is denied as to inventor

Panyiotis Tsaparas and Open Text Corp.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

## APPENDIX A

**REQUEST FOR PRODUCTION NO. 1**

Document(s) or thing(s) sufficient to show the content and operation of Verity <u>K2</u> software, including for the Verity K2 Toolkit and Verity K2 Catalog, as it existed on or before March 12, 2001. Responsive documents or things include, for example, a copy of Verity <u>K2</u> source code, including for the Verity K2 Toolkit and Verity K2 Catalog and written descriptions of the same as it existed on or before March 12, 2001. Responsive documents or things further include computer program printouts for Verity <u>K2</u> software deposited with the United States Copyright Office with the registration number TX0005762136, entitled "Verity developer's kit v2.7.<u>"</u>

**REQUEST FOR PRODUCTION NO. 2**

Document(s) or thing(s) sufficient to show the dates of creation of the Verity <u>K2</u> software, including the Verity K2 Toolkit and Verity K2 Catalog, identified under Request #1<s>, as well as the date of public use and availability</s>. Responsive documents or things may include, for example:

• documents reflecting the earliest date of use of the Verity software, including the Verity K2 Toolkit<s>,</s> <u>and</u> Verity K2 Catalog <u>identified under Request #1</u><s>, or related software</s>;

• documents reflecting the earliest publication of the Verity <u>K2</u> software, including the Verity K2 Toolkit <u>and</u>, Verity K2 Catalog <u>identified under Request #1</u><s>, or related software</s>;

• documents reflecting the earliest description of the Verity <u>K2</u> software, including the Verity K2 Toolkit <u>and</u> <s>,</s>Verity K2 Catalog <u>identified under Request #1</u><s>, or related software</s>; <u>and</u>

• documents indicating the author(s) of or contributor(s) to the Verity <u>K2</u> software, including the Verity K2 Toolkit <u>and</u> <s>,</s> Verity K2 Catalog <u>identified under Request #1</u><s>, or related software</s>;

• documents reflecting <u>when</u> customer(s) <s>that</s> were <u>first</u> offered, <u>first</u> purchased or <u>first</u> used the Verity <u>K2</u> software, including the Verity K2 Toolkit <u>and</u> <s>,</s>Verity K2 Catalog <u>identified under</u>

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

Request #1~~, or related software, and the earliest dates of those~~
~~purchases or uses;~~

~~• following the earliest date of publication, use, sale and/or~~
~~offer for sale, documents reflecting the extent of any subsequent~~
~~and/or continuing public availability of the Verity K2 software,~~
~~including the Verity K2 Toolkit~~ and ~~, Verity K2 Catalog~~
~~identified under Request #1, or related software~~.

## DEPOSITION TOPIC NO. 1

Facts and circumstances relating to the acquisition and hosting by Micro Focus and/or OpenText of the Verity K2 software, including the Verity K2 Toolkit and~~,~~ Verity K2 Catalog~~, or related software~~, including standard practices for storing, cataloging, and authenticating the same.

## DEPOSITION TOPIC NO. 2

The operation of the Verity K2 software, including the Verity K2 Toolkit and ~~,~~ Verity K2 Catalog~~, or related software~~, for which you produced documents and things in response to Requests #1 and #2.

## ~~DEPOSITION TOPIC NO. 3~~

~~The date of first public availability, public demonstration, sale or offer for sale in the United States of every version of the Verity K2 software, including the Verity K2 Toolkit~~ and ~~, Verity K2 Catalog, or related software, for which you produced documents and things in response to Requests #1 and #2.~~

## ~~DEPOSITION TOPIC NO. 4~~

~~After the date of first public availability, public demonstration, sale or offer for sale in the United States of any Verity K2 software for which you produced documents and things in response to Requests #1 and #2, the extent of any subsequent and/or continuing public availability of such Verity K2 software.~~

## DEPOSITION TOPIC NO. ~~5~~3

The authenticity~~,~~ and business record status~~, public availability~~ of all documents and things produced in response to Requests #1 and #2.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

## DEPOSITION TOPIC NO. 6<u>4</u>

The search for and collection of documents and things in response to Requests #1 and #2.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

## APPENDIX B (U.S. PATENT NO. 6,728,704)

### REQUEST FOR PRODUCTION NO. 1

Document(s) or thing(s) created before the filing date of U.S Patent No. 6,728,704 sufficient to show the conception and reduction to practice of the claimed invention of U.S. Patent No. 6,728,704.  Responsive documents or things may include, for example:

- inventor or lab notebooks;

- diaries and calendars

- invention disclosure documents;

- draft patent applications;

- documents relating to the preparation, filing or prosecution of the patent application, including correspondence with prosecuting attorney(ies);

- drafts or copies of articles, abstracts, manuals and presentations relating to the subject matter of ~~pre-2002~~ merging of results from multiple search engines.

- E-mails or posts relating to the subject matter of ~~pre-2002~~ merging of results from multiple search engines.

- Source code or software relating to the subject matter of merging results from multiple search engines ~~created on or before July 23, 2001~~.

22

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

## REQUEST FOR DEPOSITION

### DEPOSITION TOPIC NO. 1

Facts and circumstances relating to the conception, development, and testing of ~~any subject matter~~ the claimed invention ~~in~~ of U.S. Patent No. 6,728,704 that occurred before the filing date of this patent, including the decision to develop the subject matter, the time involved in the development, and the timing of the reduction to practice of the claimed invention.

### DEPOSITION TOPIC NO. 2

Facts and circumstances relating to the preparation, filing, or prosecution of ~~each~~ the application ~~relating to~~ that issued as U.S. Patent No. 6,728,704 that occurred before the filing date of this patent, including communications with any prosecuting attorney and other named inventors of U.S. Patent No. 6,728,704, and the timing of said applications and communications.

### DEPOSITION TOPIC NO. 3

Your knowledge of any written description, communication, or drawing of any subject matter claimed in U.S. Patent No. 6,728,704 that was made or prepared before the patent application was filed, and the timing of the same.

### DEPOSITION TOPIC NO. 4

Your knowledge of any Verity K2 products embodying any invention claimed in U.S. Patent No. 6,728,704, particularly Verity K2 software, that was actually reduced to practice before the filing date of this patent, including the timing of each product's sale, marketing, manufacture, and use, as well as the features of any such product relevant to the U.S. Patent No. 6,728,704.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

## APPENDIX C (U.S. PATENT NO. 6,738,764)

## DOCUMENTS AND THINGS REQUESTED

## REQUEST FOR PRODUCTION NO. 1

Document(s) or thing(s) created before the filing date of U.S. Patent No. 6,738,764 sufficient to show the conception and reduction to practice of the claimed invention of U.S. Patent No. 6,738,764. Responsive documents or things may include, for example:

- inventor or lab notebooks;

- diaries and calendars;

- invention disclosure documents;

- draft patent applications;

- documents relating to the preparation, filing or prosecution of the patent application, including correspondence with prosecuting attorney(ies);

- drafts or copies of articles, abstracts, manuals and presentations relating to the subject matter of ~~pre-2002~~ adaptive ranking of search results.

- E-mails or posts relating to the subject matter of ~~pre-2002~~ adaptive ranking of search results.

- Source code or software relating to the subject matter of adaptive ranking of search results created on or before March 12, 2001.

## REQUEST FOR DEPOSITION

## DEPOSITION TOPIC NO. 1

Facts and circumstances relating to the conception, development, testing of ~~any subject matter~~ the claimed inventions of ~~in~~ U.S. Patent No. 6,738,764 that occurred before the filing date of this patent, including the decision to develop the subject matter, the time involved in the development, and the timing of the reduction to practice of the claimed invention.

24

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

**DEPOSITION TOPIC NO. 2**

Facts and circumstances relating to the preparation, filing, or prosecution of ~~each~~ the application ~~relating to~~ that issued as U.S. Patent No. 6,738,764 that occurred before the filing date of this patent, including communications with any prosecuting attorney and other named inventors of U.S. Patent No. 6,738,764, and the timing of said applications and communications.

**DEPOSITION TOPIC NO. 3**

Your knowledge of any written description, communication, or drawing of any subject matter claimed in U.S. Patent No. 6,738,764 that was made or prepared before the patent application was filed, and the timing of the same.

**DEPOSITION TOPIC NO. 4**

Your knowledge of any Verity K2 products embodying any invention claimed in U.S. Patent No. 6,738,764, particularly Verity K2 software, that was actually reduced to practice before the filing date of this patent, including the timing of each product's sale, marketing, manufacture, and use, as well as the features of any such product relevant to the U.S. Patent No. 6,738,764.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

FOR PETITIONER:

Matthew A. Smith
Andrew S. Baluch
SMITH BALUCH LLP
smith@smithbaluch.com
baluch@smithbaluch.com

FOR PATENT OWNER:

Hong A. Zhong
Amy E. Proctor
Blair Silver
IRELL & MANELLA LLP
hzhong@irell.com
aproctor@irell.com
bsilver@irell.com

# EXHIBIT C

DEFAULT PROTECTIVE ORDER

The following Default Protective Order will govern the filing and treatment of confidential information in the proceeding:

**Default Protective Order**

This protective order governs the treatment and filing of confidential information, including documents and testimony.

1. Confidential information shall be clearly marked "PROTECTIVE ORDER MATERIAL."

2. Access to confidential information is limited to the following individuals who have executed the acknowledgment appended to this order:

(A) <u>Parties</u>.  Persons who are owners of a patent involved in the proceeding and other persons who are named parties to the proceeding.

(B) <u>Party Representatives</u>.  Representatives of record for a party in the proceeding.

(C) <u>Experts</u>.  Retained experts of a party in the proceeding who further certify in the Acknowledgement that they are not a competitor to any party, or a consultant for, or employed by, such a competitor with respect to the subject matter of the proceeding.

(D) <u>In-house counsel</u>.  In-house counsel of a party.

(E) <u>Support Personnel</u>. Administrative assistants, clerical staff, court reporters and

117

other support personnel of the foregoing persons who are reasonably necessary to assist those persons in the proceeding shall not be required to sign an Acknowledgement, but shall be informed of the terms and requirements of the Protective Order by the person they are supporting who receives confidential information.

(F) <u>The Office</u>.  Employees and representatives of the United States Patent and Trademark Office who have a need for access to the confidential information shall have such access without the requirement to sign an Acknowledgement.  Such employees and representatives shall include the Director, members of the Board and their clerical staff, other support personnel, court reporters, and other persons acting on behalf of the Office.

3.  Employees (e.g., corporate officers), consultants, or other persons performing work for a party, other than those persons identified above in (d)(2)(A)–(E), shall be extended access to confidential information only upon agreement of the parties or by order of the Board upon a motion brought by the party seeking to disclose confidential information to that person and after signing the Acknowledgment. The party opposing disclosure to that person shall have the burden of proving that such person should be restricted from access to confidential information.

4.  Persons receiving confidential information shall use reasonable efforts to

118

maintain the confidentiality of the information, including:

(A) Maintaining such information in a secure location to which persons not authorized to receive the information shall not have access;

(B) Otherwise using reasonable efforts to maintain the confidentiality of the information, which efforts shall be no less rigorous than those the recipient uses to maintain the confidentiality of information not received from the disclosing party;

(C) Ensuring that support personnel of the recipient who have access to the confidential information understand and abide by the obligation to maintain the confidentiality of information received that is designated as confidential; and

(D) Limiting the copying of confidential information to a reasonable number of copies needed for conduct of the proceeding and maintaining a record of the locations of such copies.

5. Persons receiving confidential information shall use the following procedures to maintain the confidentiality of the information:

(A) <u>Documents and Information Filed With the Board</u>.

(i) A party may file documents or information with the Board along with a Motion to Seal.  The Motion to Seal should provide a non-confidential description of the nature of the confidential information that is under seal, and set forth the reasons why the information is confidential and should not be made available to the public.  A party may challenge the confidentiality of the information by opposing

119

the Motion to Seal.  The documents or information shall remain under seal unless the Board determines that some or all of it does not qualify for confidential treatment.

(ii) Where confidentiality is alleged as to some but not all of the information submitted to the Board, the submitting party shall file confidential and non-confidential versions of its submission, together with a Motion to Seal the confidential version setting forth the reasons why the information redacted from the non-confidential version is confidential and should not be made available to the public.  A party may challenge the confidentiality of the information by opposing the Motion to Seal.  The non-confidential version of the submission shall clearly indicate the locations of information that has been redacted.  The confidential version of the submission shall be filed under seal.  The redacted information shall remain under seal unless the Board determines that some or all of the redacted information does not qualify for confidential treatment.

 (B) Documents and Information Exchanged Among the Parties.  Documents (including deposition transcripts) and other information designated as confidential that are disclosed to another party during discovery or other proceedings before the Board shall be clearly marked as "PROTECTIVE ORDER MATERIAL" and shall be produced in a manner that maintains its confidentiality.


6.  Within 60 days after the final disposition of this action, including the

exhaustion of all appeals and motions, each party receiving confidential information must return, or certify the destruction of, all copies of the confidential information to the producing party.

(k) <u>Standard Acknowledgement of Protective Order</u>.  The following form may be used to acknowledge a protective order and gain access to information covered by the protective order:

[CAPTION]

**Standard Acknowledgment for Access to Protective Order Material**

I _____, affirm that I have read the Protective Order; that I will abide by its terms; that I will use the confidential information only in connection with this proceeding and for no other purpose; that I will only allow access to support staff who are reasonably necessary to assist me in this proceeding; that prior to any disclosure to such support staff I informed or will inform them of the requirements of the Protective Order; that I am personally responsible for the requirements of the terms of the Protective Order and I agree to submit to the jurisdiction of the Office and the United States District Court for the Eastern District of Virginia for purposes of enforcing the terms of the

121

Protective Order and providing remedies for its breach.


[Signature]

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Utah

| | |
|---|---|
| GOOGLE LLC, Petitioner | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. ___IPR2022-01545, IPR2022-01497 |
| VALTRUS INNOVATIONS LTD., Patent Owner | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 
MICRO FOCUS
1800 S. Novell Place, Provo, UT 84606

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibits A, B, and C.

| Place: Hampton Inn Provo<br>1511 S 40 E<br>Provo, UT 84606, USA | Date and Time:<br><br>06/09/2023 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___05/26/2023___

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ H. Annita Zhong |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

Valtrus Innovations Ltd. _____, who issues or requests this subpoena, are:

H. Annita Zhong, 1800 Avenue of the Stars, Suite 900, Los Angeles, CA 90067; hzhong@irell.com; (310) 277-1010

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  IPR2022-01545, IPR2022-01497

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                        *Server's signature*

                                               _____
                                                        *Printed name and title*

                                               _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DOCUMENTS AND THINGS REQUESTED

**REQUEST FOR PRODUCTION NO. 1**

Document(s) or thing(s) sufficient to show the content and operation of Verity K2 software, including for the Verity K2 Toolkit and Verity K2 Catalog, as it existed on or before March 12, 2001.  Responsive documents or things include, for example, a copy of Verity K2 source code, including for the Verity K2 Toolkit and Verity K2 Catalog and written descriptions of the same as it existed on or before March 12, 2001. Responsive documents or things further include computer program printouts for Verity K2 software deposited with the United States Copyright Office with the registration number TX0005762136, entitled "Verity developer's kit v2.7."

**REQUEST FOR PRODUCTION NO. 2**

Document(s) or thing(s) sufficient to show the dates of creation of the Verity K2 software, including the Verity K2 Toolkit and Verity K2 Catalog, identified under Request #1.  Responsive documents or things may include, for example:

- documents reflecting the earliest date of use of the Verity software, including the Verity K2 Toolkit and Verity K2 Catalog identified under Request #1;

- documents reflecting the earliest publication of the Verity K2 software, including the Verity K2 Toolkit and, Verity K2 Catalog identified under Request #1;

- documents reflecting the earliest description of the Verity K2 software, including the Verity K2 Toolkit and Verity K2 Catalog identified under Request #1; and

- documents indicating the author(s) of or contributor(s) to the Verity K2 software, including the Verity K2 Toolkit and Verity K2 Catalog identified under Request #1;

- documents reflecting when customer(s) were first offered, first purchased or first used the Verity K2 software, including the Verity K2 Toolkit and Verity K2 Catalog identified under Request #1.

## REQUEST FOR DEPOSITION

**DEPOSITION TOPIC NO. 1**

Facts and circumstances relating to the acquisition and hosting by Micro Focus and/or OpenText of the Verity software, including the Verity K2 Toolkit and Verity K2 Catalog, including standard practices for storing, cataloging, and authenticating the same.

**DEPOSITION TOPIC NO. 2**

The operation of the Verity K2 software, including the Verity K2 Toolkit and Verity K2 Catalog, for which you produced documents and things in response to Requests #1 and #2.

**DEPOSITION TOPIC NO. 3**

The authenticity and business record status of all documents and things produced in response to Requests #1 and #2.

**DEPOSITION TOPIC NO. 4**

The search for and collection of documents and things in response to Requests #1 and #2.

# EXHIBIT B

Trials@uspto.gov                                                 Paper 22
571-272-7822                                          Date: May 23, 2023

UNITED STATES PATENT AND TRADEMARK OFFICE

———————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

———————

GOOGLE LLC,
Petitioner,

v.

VALTRUS INNOVATIONS LIMITED,
Patent Owner.

———————

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2) [1]

———————

Before NORMAN H. BEAMER, SHARON FENICK, and
PAUL J. KORNICZKY, *Administrative Patent Judges*.

KORNICZKY, *Administrative Patent Judge*.

ORDER
Conduct of the Proceeding
*37 C.F.R. § 42.5*

———————

[1] We exercise our discretion to issue one Order to be filed in each
proceeding. The parties are not authorized to use this style heading for any
subsequent papers.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

## I.    INTRODUCTION

On April 24, 2023, after conferencing with the parties, we issued an order granting Patent Owner's request to file a motion for additional discovery, and authorizing Petitioner to file an opposition. IPR2022-01497, Paper 14[2]; IPR2022-01545, Paper 14. Patent Owner filed a Motion for Additional Discovery in each case. IPR2022-01497, Paper 16 ("Mot."); IPR2022-01545, Paper 16. Petitioner filed its Opposition to Patent Owner's Motion in each case. IPR2022-01497, Paper 17 ("Opp."); IPR2022-01545, Paper 17. As authorized (IPR2022-01497, Paper 19; IPR2022-01545, Paper 19), Patent Owner filed a Reply in each case. IPR2022-01497, Paper 20 ("Reply"); IPR2022-01545, Paper 20.

After considering the arguments, evidence, and facts before us, we determine that:

(1) Patent Owner has satisfied its burden to establish that it is in the interest of justice to grant Patent Owner's Motion for Additional Discovery from inventors Jianchang Mao, Prabhakar Raghavan, Rajat Mukherjee, Michel Tourn, and Mani Abrol, but not inventor Panyiotis Tsaparas; and

(2) Patent Owner has satisfied its burden to establish that it is in the interest of justice to grant Patent Owner's Motion for Additional Discovery

---

[2] We cite to documents in IPR2022-01497. The same or substantially the same statements were made in the papers in each proceeding. The main difference is that, in the -01497 case, Patent Owner seeks to antedate March 13, 2001, the Li reference's filing date and, in the -01545 case, Patent Owner seeks to antedate July 24, 2001, the Bushee reference's filing date. Additionally, while we address all inventors herein, the claims of different patents are challenged in each proceeding, and the patents list overlapping but not identical sets of inventors.

2

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

from Micro Focus, but not Open Text Corp. Thus, for the reasons that follow, Patent Owner's Motion is granted-in-part and denied-in-part.

## II.    PATENT OWNER'S DISCOVERY REQUESTS

Patent Owner contends that Petitioner's prior art references — Li (U.S. Patent 7,231,381 B2) in the -01497 case and Bushee (U.S. Patent 6,711,569 B1) in the -01545 case — do not qualify as prior art because Patent Owner is able to antedate the filing dates of these references using the "Verity K2 source code" which contains the claimed inventions and was publicly available before the references' filing dates. Mot. 1. Patent Owner argues that the Verity K2 product and its source code were publicly available as early as January 2001. Mot. 4 (citing Ex. 2004). And, in the -01497 case, the inventors' declaration was signed on April 18, 2001, less than a month after Li's filing date (March 13, 2001). IPR2022-01497, Inst. Dec. 13. Similarly, in the -01545 case, the inventors' declarations were signed on August 3, 6, and 8, 2001, a few weeks after Bushee's filing date (July 24, 2001). IPR2022-01545, Inst. Dec. 27.

To antedate the Li and Bushee references, Patent Owner wants discovery from Micro Focus and OpenText Corp. and from the inventors of U.S. Patents 6,738,764 B2 ("the '764 patent") and U.S. Patent 6,728,704 ("the '704 patent"), i.e., Jianchang Mao, Prabhakar Raghavan, Rajat Mukherjee, Michel Tourn, Mani Abrol, and Panyiotis Tsaparas.

### A. Discovery from Micro Focus/OpenText

Patent Owner requests production regarding the "Verity K2 source code" which it argues is "currently hosted" by Micro Focus, an entity which "was recently acquired by OpenText Corp." and testimony of "a corporate

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

representative of Micro Focus or OpenText Corp." about this source code.
Mot. 1, 4.  Patent Owner seeks documents and information about the
contents of the source code and its earliest date of use, publication, and sale.
Mot. 1, 4.

Patent Owner's requests for documents and things from Micro Focus
and OpenText are reproduced below.  Mot. 14–15 (Appendix A).

## REQUEST FOR PRODUCTION NO. 1

Document(s) or thing(s) sufficient to show the content
and operation of Verity software, including for the Verity K2
Toolkit and Verity K2 Catalog, as it existed on or before March
12, 2001. Responsive documents or things include, for
example, a copy of Verity source code, including for the Verity
K2 Toolkit and Verity K2 Catalog and written descriptions of
the same as it existed on or before March 12, 2001. Responsive
documents or things further include computer program
printouts for Verity software deposited with the United States
Copyright Office with the registration number TX0005762136,
entitled "Verity developer's kit v2.7.

## REQUEST FOR PRODUCTION NO. 2

Document(s) or thing(s) sufficient to show the dates of
creation of the Verity software, including the Verity K2 Toolkit
and Verity K2 Catalog, identified under Request #1, as well as
the date of public use and availability.  Responsive documents
or things may include, for example:

• documents reflecting the earliest date of use of the
Verity software, including the Verity K2 Toolkit, Verity
K2 Catalog, or related software;

• documents reflecting the earliest publication of the
Verity software, including the Verity K2 Toolkit, Verity
K2 Catalog, or related software;

• documents reflecting the earliest description of the
Verity software, including the Verity K2 Toolkit, Verity
K2 Catalog, or related software;

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

• documents indicating the author(s) of or contributor(s) to the Verity software, including the Verity K2 Toolkit, Verity K2 Catalog, or related software;

• documents reflecting customer(s) that were offered, purchased or used the Verity software, including the Verity K2 Toolkit, Verity K2 Catalog, or related software, and the earliest dates of those purchases or uses;

• following the earliest date of publication, use, sale and/or offer for sale, documents reflecting the extent of any subsequent and/or continuing public availability of the Verity software, including the Verity K2 Toolkit, Verity K2 Catalog, or related software.

Patent Owner's deposition topics for Micro Focus and OpenText are reproduced below. Mot. 15–17 (Appendix A).

## DEPOSITION TOPIC NO. 1

Facts and circumstances relating to the acquisition and hosting by Micro Focus and/or OpenText of the Verity software, including the Verity K2 Toolkit, Verity K2 Catalog, or related software, including standard practices for storing, cataloging, and authenticating the same.

## DEPOSITION TOPIC NO. 2

The operation of the Verity software, including the Verity K2 Toolkit, Verity K2 Catalog, or related software, for which you produced documents and things in response to Requests #1 and #2.

## DEPOSITION TOPIC NO. 3

The date of first public availability, public demonstration, sale or offer for sale in the United States of every version of the Verity software, including the Verity K2 Toolkit, Verity K2 Catalog, or related software, for which you produced documents and things in response to Requests #1 and #2.

5

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

**DEPOSITION TOPIC NO. 4**

After the date of first public availability, public demonstration, sale or offer for sale in the United States of any Verity software for which you produced documents and things in response to Requests #1 and #2, the extent of any subsequent and/or continuing public availability of such Verity software.

**DEPOSITION TOPIC NO. 5**

The authenticity, business record status, public availability of all documents and things produced in response to Requests #1 and #2.

**DEPOSITION TOPIC NO. 6**

The search for and collection of documents and things in response to Requests #1 and #2.

B. *Discovery from the Inventors*

Patent Owner seeks from the inventors of the '764 and '704 patents testimony and document production regarding the conception and reduction to practice of the claimed inventions. Mot. 2. Specifically, Patent Owner seeks to depose the following inventors: Jianchang Mao, Prabhakar Raghavan, Rajat Mukherjee, Michel Tourn, Mani Abrol, and Panyiotis Tsaparas. *Id.* Mr. Tsaparas "is believed to reside outside of the United States." *Id.* Patent Owner requests a total of eight hours for each of these depositions (four hours for each patent). *Id.*

Patent Owner's request for documents and things in the -01545 case is reproduced below. Mot. 18–21 (Appendix B[3]).

---

[3] Appendix B is directed to the inventors of the '704 patent, claims of which are the subject of the challenge in the -01545 case. Appendix C, substantially similar except directed to the '764 patent and substituting

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

## REQUEST FOR PRODUCTION NO. 1

Document(s) or thing(s) sufficient to show the conception and reduction to practice of the claimed invention of U.S. Patent No. 6,728,704. Responsive documents or things may include, for example:

• inventor or lab notebooks;

• diaries and calendars;

• invention disclosure documents;

• draft patent applications;

• documents relating to the preparation, filing or prosecution of the patent application, including correspondence with prosecuting attorney(ies);

• drafts or copies of articles, abstracts, manuals and presentations relating to the subject matter of pre-2002 adaptive ranking of search results.

• E-mails or posts relating to the subject matter of pre-2002 adaptive ranking of search results.

• Source code or software relating to the subject matter of adaptive ranking of search results created on or before July 23, 2001.

Patent Owner's deposition topics for the inventors in the -01545 case are reproduced below.  Mot. 20–21 (Appendix B).

## DEPOSITION TOPIC NO. 1

Facts and circumstances relating to the conception, development, and testing of any subject matter claimed in U.S. Patent No. 6,728,704, including the decision to develop the subject matter, the time involved in the development, and the timing of the reduction to practice of the claimed invention.

---

March 12, 2001 for July 23, 2001, is directed to the inventors of the '764 patent in the -01497 case.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

**DEPOSITION TOPIC NO. 2**

Facts and circumstances relating to the preparation, filing, or prosecution of each application relating to U.S. Patent No. 6,728,704, including communications with any prosecuting attorney and other named inventors of U.S. Patent No. 6,728,704, and the timing of said applications and communications.

**DEPOSITION TOPIC NO. 3**

Your knowledge of any written description, communication, or drawing of any subject matter claimed in U.S. Patent No. 6,728,704 that was made or prepared before the patent application was filed, and the timing of the same.

**DEPOSITION TOPIC NO. 4**

Your knowledge of any products embodying any invention claimed in U.S. Patent No. 6,728,704, particularly Verity software, including the timing of each product's sale, marketing, manufacture, and use, as well as the features of any such product relevant to the U.S. Patent No. 6,728,704.

## III.    DISCUSSION

In an *inter partes* review, a party seeking discovery beyond what is expressly permitted by rule must do so by motion, and must show that such additional discovery is "necessary in the interest of justice." 35 U.S.C. § 316(a)(5); *see* 37 C.F.R. § 42.51(b)(2)(i).  Patent Owner, as the movant, bears the burden of demonstrating that it is entitled to the additional discovery sought.  37 C.F.R. § 42.20(c).  We consider the five *Garmin* factors in determining whether additional discovery is necessary in the interest of justice.  *Garmin Int'l, Inc. v. Cuozzo Speed Techs. LLC*, IPR2012-00001, Paper 26 at 6-7 (PTAB. Mar. 5, 2013) (precedential).  The five *Garmin* factors are:

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

(1) whether there exists more than a possibility and mere allegation that something useful will be discovered;

(2) whether the requests seek the other party's litigation positions and the underlying basis for those positions;

(3) whether the moving party has the ability to generate equivalent information by other means;

(4) whether the moving party has provided easily understandable instructions; and

(5) whether the requests are overly burdensome. *Id.*

### A. *Garmin Factor 1: Useful Information*

The first *Garmin* factor asks whether the party seeking additional discovery demonstrates more than "[t]he mere possibility of finding something useful, and mere allegation something useful will be found." *Garmin*, Paper 26 at 6. "The party requesting discovery should already be in possession of evidence tending to show beyond speculation that in fact something useful will be uncovered." *Id.* "Useful" in this context means "favorable in substantive value to a contention of the party moving for discovery," not just "relevant" or "admissible." *Id.* at 7.

Under this first factor, Patent Owner argues that the discovery it seeks is necessary and in the interest of justice because "[a]ntedating the Bushee and Li references, and thereby showing that the references do not qualify as prior art, 'requires documentary support, from which factual findings and inferences are drawn, in application of the rules and law of conception, reduction to practice, and diligence.'" Mot. 2–3.

9

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

<u>The Micro Focus/OpenText Information</u>

As to the requested Micro Focus/OpenText information, Petitioner argues the evidence shows that the Verity K2 source code was publicly available before the filing dates of Li and Bushee. Mot. 4 (citing Exs. 2004–2008). Relying, in part, on its two claim charts (i.e., Ex. 2026 in the -01497 case and Ex. 2024 in the -01545 case), Patent Owner argues that public records about the Verity K2 source code cited in the claim charts show that the Verity K2 source code practiced all of the limitations in the claimed inventions. *Id*. at 4–5.

Petitioner argues that Garmin Factor 1 weighs against discovery because Patent Owner's claim chart is "attorney-created" and not evidence. Opp. 6.

We do not agree with Petitioner's argument. While we agree that Patent Owner's two claim charts are not evidence, the claim charts adequately cite to exhibits relating to the Verity K2 product which adequately show for purposes of this motion that Patent Owner's contentions regarding the Verity K2 source code are more than mere speculation. Petitioner does not argue otherwise. Patent Owner's evidence tends to show beyond speculation that something "useful" and "favorable in substantive value" to Patent Owner's contentions will be uncovered from the Verity K2 source code. *Garmin*, Paper 26 at 6.

Patent Owner argues that

The public record shows that the Verity source code (or at least documentation describing the source code) that [Patent Owner] Valtrus seeks is in the possession, custody, or control of Micro Focus and/or OpenText, raising more than a possibility and mere allegation that useful information will be discovered through Valtrus's requests in Appendix A.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

Mot. 4.

Petitioner argues that Micro Focus was a British company until its acquisition by OpenText, that OpenText is a Canadian corporation, and there is no "reason to believe discoverable information is located in the United States rather than at the companies' headquarters." Opp. 1, 4.

We do not agree. Patent Owner adequately shows that one of Micro Focus's U.S. entities has custody, control, or possession of the Verity K2 source code and other requested information. Reply 2. The parties do not dispute that Micro Focus maintained custody, control, or possession of the Verity K2 source code between 2016 and at least until earlier this year, when Micro Focus was acquired by OpenText. Mot. 1, 4; Opp. 2; Reply 1–3. Micro Focus continues to maintain corporate entities in the United States. *See* Ex. 2034. Finally, we find it significant that Micro Focus's U.S.-based in-house counsel did not take the position that the requested information relating to the Verity copyright deposit is not available, only that Micro Focus would not voluntarily provide the information. Reply 3; Ex. 2045 ¶¶ 3–5. Moreover, even if Micro Focus no longer has physical custody and possession of the Verity K2 source code, it likely has sufficient control and the right or practical ability to secure or compel production of the source code if it continues to sell the Verity K2 products in the United States. Thus, Patent Owner provides adequate evidence tending to show beyond speculation that something useful will be uncovered from Micro Focus. *Garmin*, Paper 26 at 7.

As to OpenText, Patent Owner concedes that discovery from OpenText is "likely irrelevant" because Micro Focus has office locations in eleven states and has agents for service of process in the United States so that Patent Owner will likely be able to obtain the requested production from

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

a U.S. corporation.  Response 3.  Thus, Patent Owner does not provide evidence tending to show beyond speculation that something useful will be uncovered from OpenText.  *Garmin*, Paper 26 at 7.

We determine that the first *Garmin* factor weighs in favor of allowing the requested discovery from Micro Focus, but not OpenText.


The Inventor Information

As to the inventor information, Patent Owner argues that "it is highly likely that useful information will be discovered" because "the inventors know what they invented and when" and, therefore, "there is more than a mere allegation that this highly useful information exists."  Mot. 5. Petitioner argues that the requested information is "essential to developing a full factual record on the conception and reduction to practice of the claimed inventions" and "it will allow [Patent Owner] to corroborate inventor testimony."  *Id*.

Petitioner argues Garmin Factor 1 weighs against the requests because it is improbable that the inventors remember what happened over twenty years ago between March–April 2001 and have any responsive documents. Opp. 7–8.

Petitioner's argument is not persuasive.  We agree with Patent Owner that documents and testimony from the inventors about the conception and reduction to practice of the Verity K2 source code will provide something "useful" and "favorable in substantive value" to Patent Owner's contentions. *Garmin*, Paper 26 at 6.

We determine that the first *Garmin* factor weighs in favor of allowing the requested discovery from inventors Jianchang Mao, Prabhakar Raghavan, Rajat Mukherjee, Michel Tourn, and Mani Abrol.  For the

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

reasons discussed below in regard to the fifth *Garmin* factor, we find that discovery from inventor Panyiotis Tsaparas is overly burdensome and not in the interest of justice.

### B. *Garmin Factor 2: Litigation Positions*

*Garmin* factor 2 asks whether the requests seek the other party's litigation positions and the underlying basis for those positions. *Garmin*, Paper 26 at 6 ("Asking for the other party's litigation positions and the underlying basis for those positions is not necessary in the interests of justice.").

Patent Owner contends that it seeks "documents and testimony regarding conception and reduction to practice of the claimed inventions," not Petitioner's litigation positions or underlying bases for those positions. Mot, 7. Petitioner does not argue that Patent Owner seeks improper litigation positions.

We determine that the second *Garmin* factor weighs in favor of allowing the requested discovery.

### C. *Garmin Factor 3: Ability to Generate Equivalent Information*

"Information a party can reasonably figure out or assemble without a discovery request would not be in the interests of justice to have produced by the other party." *Garmin*, Paper 26 at 6.

Patent Owner contends that it can only obtain the requested information from Micro Focus and the inventors. As to the requested Micro Focus-information, Patent Owner contends that (1) Verity originally created and sold the Verity K2 source code, (2) Verity was later acquired by Hewlett Packard Enterprise and then sold to Micro Focus in 2016, and (3) Micro

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

Focus was recently acquired by OpenText.  Mot., 1, 4, 7; Opp. 1–3.  Patent
Owner states that Hewlett Packard Enterprise no longer has the source-code
related information.  Mot. 7–8.  Patent Owner states that it contacted Hewlett
Packard Enterprise's counsel, who confirmed that Verity searched for and
produced the Verity documents in its possession in the district court
litigation.  Ex. 2045 ¶7.  Patent Owner also states that it tried to obtain the
Verity K2 source code from Micro Focus but Micro Focus's counsel stated
that it would not voluntarily produce the requested information.  Reply, 3
(citing Ex. 2045 ¶¶ 5–6).  Patent Owner asserts that there is no equivalent to
inventor testimony regarding the conception and reduction to practice of the
claimed inventions in the '764 and '704 patents.  Mot. 8–9.

Petitioner argues that Patent Owner does not meet the "interests of
justice" standard and "good cause" requirement for compelled discovery
because "Patent Owner, rather than burdening the Board now, could have
sought the requested information when it first purchased the patents-in-suit,
or by seeking discovery in the district court before the litigation was stayed,
or by reaching out informally to the inventors through the inventors' named
counsel."  Opp. 8.

We do not agree with Petitioner's arguments.  We determine that
Patent Owner cannot reasonably figure out or assemble the requested
information without the requested discovery requests.  We determine that the
third *Garmin* factor weighs in favor of allowing the requested discovery.

### D. Garmin Factor 4: Easily Understandable Instructions

*Garmin* factor 4 requires that the additional information sought
"should be easily understandable."  *Garmin*, Paper 26 at 6.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

Patent Owner argues that the discovery requests are "easily understandable" and "also clearly delineate the scope and subject matter of the testimony and documents sought, and provide a level of specificity sufficient for deponents and other third parties to clearly understand what information is being requested. Mot. 9. Petitioner does not contest that the requests are easily understood. Opp. 10 (addressing factor 4).

We conclude that the requests are easy to understand. We determine that the fourth *Garmin* factor weighs in favor of allowing the requested discovery.

### E. *Garmin Factor 5: Whether the Requests are Overly Burdensome*

*Garmin* factor 5 requires that "[t]he requests must not be overly burdensome to answer, given the expedited nature of *Inter Partes* Review[,] . . . includ[ing] financial burden, burden on human resources, and burden on meeting the time schedule." *Garmin*, Paper 26 at 7.

Patent Owner argues that the document and deposition requests in Appendix A are "not burdensome" and are narrowly tailored to the facts and circumstances surrounding Micro Focus's acquisition and management of the Verity K2 source code. Mot. 9–10.

Petitioner objects to Patent Owner's production requests for several reasons. First, Petitioner argues that Patent Owner's production requests are overbroad and excessively burdensome. Opp. 10. Petitioner provided marked-up and revised Patent Owner's Appendices to narrow Patent Owner's allegedly overbroad requests. Opp. 13–25. To minimize any potential burden, we have redlined Patent Owner's requests in Appendices A–C, incorporating some of Petitioner's revisions, notably to limit the

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

request to the Verity K2 product(s) and to issues regarding conception and actual or constructive reduction to practice.

Second, Petitioner argues that Patent Owner's request for seven hours for a Micro Focus deposition and four hours per-inventor-per-patent (for a total of eight hours) is excessive. We partially agree.

Patent Owner may depose Micro Focus and the first inventor for up to a total of seven hours each, to cover the issues in both cases. Patent Owner may depose each subsequent deposition of an inventor for up to four hours, to cover the issues in both cases. Petitioner's additional time to depose each witness shall be limited to one half of the Patent Owner's time, to cover the issues in both cases.

Third, Petitioner objects that, because Patent Owner seeks a corporate representative deposition on the person most knowledge regarding the maintenance of the documents requested by Patent Owner, the requirements of 37 C.F.R. § 42.52(a)(1) are not satisfied. Opp. 6. We do not agree because a subpoena is enforceable and valid when naming a corporate entity without an specific individual's name. *See* Fed.R.Civ.P. 30(b)(6).

Fourth, Petitioner objects to requested discovery from inventor Tsaparas, who presently resides in Greece, because Patent Owner does not comply with 37 C.F.R. § 42.52(b)(1) and (b)(2). We agree.

Patent Owner does not comply with 37 C.F.R. § 42.52(b)(1)(ii) which requires Patent Owner demonstrate that it "has made reasonable efforts to secure the agreement of [Mr. Tsaparas] to testify in the United States but has been unsuccessful in obtaining the agreement, even though [Patent Owner] has offered to pay the travel expenses of [Mr. Tsaparas] to testify in the United States." Similarly, Patent Owner does not comply with 37 C.F.R. § 42.52(b)(2)(ii) which requires Patent Owner demonstrate that it has made

16

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

reasonable efforts to obtain the agreement of Mr. Tsaparas to produce the requested documents in the United States but has been unsuccessful in obtaining that agreement, even though Patent Owner has offered to pay the expenses of producing the documents in the United States.

Patent Owner does not demonstrate that it made reasonable efforts to obtain Mr. Tsaparas's testimony or documents as required by 37 C.F.R. § 42.52(b). Patent Owner merely states that it engaged and worked with Greek counsel to contact Mr. Tsaparas. Significantly, Patent Owner does not identify details of its efforts including who tried to contact Mr. Tsaparas, when Mr. Tsaparas was contacted, or whether Patent Owner offered to pay the travel expenses of Mr. Tsaparas to testify and produce the requested documents in the United States. *See* 37 C.F.R. § 42.52(b)(1)(ii), (b)(2)(ii). Thus, while Patent Owner asserts that its efforts were reasonable, we do not have sufficient basis to make that determination here.

We determine that the fifth *Garmin* factor weighs in favor of allowing the requested discovery except for the discovery requested from inventor Tsaparas.

## F. Conclusion

We determine that the *Garmin* factors as a whole support granting-in-part Patent Owner's Motion, as described above and in the appendices to this order.

## IV.   ORDER

Accordingly, in consideration of the foregoing, it is hereby:

ORDERED that Petitioner's motion for discovery is granted as to inventors Jianchang Mao, Prabhakar Raghavan, Rajat Mukherjee, Michel

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

Tourn, and Mani Abrol, and Micro Focus and is denied as to inventor

Panyiotis Tsaparas and Open Text Corp.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

## APPENDIX A

**REQUEST FOR PRODUCTION NO. 1**

Document(s) or thing(s) sufficient to show the content and operation of Verity K2 software, including for the Verity K2 Toolkit and Verity K2 Catalog, as it existed on or before March 12, 2001. Responsive documents or things include, for example, a copy of Verity K2 source code, including for the Verity K2 Toolkit and Verity K2 Catalog and written descriptions of the same as it existed on or before March 12, 2001. Responsive documents or things further include computer program printouts for Verity K2 software deposited with the United States Copyright Office with the registration number TX0005762136, entitled "Verity developer's kit v2.7."

**REQUEST FOR PRODUCTION NO. 2**

Document(s) or thing(s) sufficient to show the dates of creation of the Verity K2 software, including the Verity K2 Toolkit and Verity K2 Catalog, identified under Request #1, ~~as well as the date of public use and availability~~.  Responsive documents or things may include, for example:

• documents reflecting the earliest date of use of the Verity software, including the Verity K2 Toolkit~~,~~ and Verity K2 Catalog identified under Request #1~~, or related software~~;

• documents reflecting the earliest publication of the Verity K2 software, including the Verity K2 Toolkit and, Verity K2 Catalog identified under Request #1~~, or related software~~;

• documents reflecting the earliest description of the Verity K2 software, including the Verity K2 Toolkit and ~~,~~Verity K2 Catalog identified under Request #1~~, or related software~~; and

• documents indicating the author(s) of or contributor(s) to the Verity K2 software, including the Verity K2 Toolkit and ~~,~~ Verity K2 Catalog identified under Request #1~~, or related software~~;

• documents reflecting when customer(s) ~~that~~ were first offered, first purchased or first used the Verity K2 software, including the Verity K2 Toolkit and ~~,~~Verity K2 Catalog identified under

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

~~Request #1, or related software, and the earliest dates of those purchases or uses;~~

~~• following the earliest date of publication, use, sale and/or offer for sale, documents reflecting the extent of any subsequent and/or continuing public availability of the Verity K2 software, including the Verity K2 Toolkit and , Verity K2 Catalog identified under Request #1, or related software.~~

## DEPOSITION TOPIC NO. 1

Facts and circumstances relating to the acquisition and hosting by Micro Focus and/or OpenText of the Verity K2 software, including the Verity K2 Toolkit and~~,~~ Verity K2 Catalog~~, or related software~~, including standard practices for storing, cataloging, and authenticating the same.

## DEPOSITION TOPIC NO. 2

The operation of the Verity K2 software, including the Verity K2 Toolkit and ~~,~~ Verity K2 Catalog~~, or related software~~, for which you produced documents and things in response to Requests #1 and #2.

## ~~DEPOSITION TOPIC NO. 3~~

~~The date of first public availability, public demonstration, sale or offer for sale in the United States of every version of the Verity K2 software, including the Verity K2 Toolkit and , Verity K2 Catalog, or related software, for which you produced documents and things in response to Requests #1 and #2.~~

## ~~DEPOSITION TOPIC NO. 4~~

~~After the date of first public availability, public demonstration, sale or offer for sale in the United States of any Verity K2 software for which you produced documents and things in response to Requests #1 and #2, the extent of any subsequent and/or continuing public availability of such Verity K2 software.~~

## DEPOSITION TOPIC NO. ~~5~~3

The authenticity~~,~~ and business record status~~, public availability~~ of all documents and things produced in response to Requests #1 and #2.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

## DEPOSITION TOPIC NO. 6<u>4</u>

The search for and collection of documents and things in response to Requests #1 and #2.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

## <u>APPENDIX B (U.S. PATENT NO. 6,728,704)</u>

## REQUEST FOR PRODUCTION NO. 1

Document(s) or thing(s) <u>created before the filing date of U.S Patent No. 6,728,704</u> sufficient to show the conception and reduction to practice of the claimed invention of U.S. Patent No. 6,728,704. Responsive documents or things may include, for example:

- inventor or lab notebooks;

- diaries and calendars

- invention disclosure documents;

- draft patent applications;

- documents relating to the preparation, filing or prosecution of the patent application, including correspondence with prosecuting attorney(ies);

- drafts or copies of articles, abstracts, manuals and presentations relating to the subject matter of ~~pre-2002~~ merging of results from multiple search engines.

- E-mails or posts relating to the subject matter of ~~pre-2002~~ merging of results from multiple search engines.

- Source code or software relating to the subject matter of merging results from multiple search engines ~~created on or before July 23, 2001~~.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

# REQUEST FOR DEPOSITION

## DEPOSITION TOPIC NO. 1

Facts and circumstances relating to the conception, development, and testing of ~~any subject matter~~ the claimed invention ~~in~~ of U.S. Patent No. 6,728,704 that occurred before the filing date of this patent, including the decision to develop the subject matter, the time involved in the development, and the timing of the reduction to practice of the claimed invention.

## DEPOSITION TOPIC NO. 2

Facts and circumstances relating to the preparation, filing, or prosecution of ~~each~~ the application ~~relating to~~ that issued as U.S. Patent No. 6,728,704 that occurred before the filing date of this patent, including communications with any prosecuting attorney and other named inventors of U.S. Patent No. 6,728,704, and the timing of said applications and communications.

## DEPOSITION TOPIC NO. 3

Your knowledge of any written description, communication, or drawing of any subject matter claimed in U.S. Patent No. 6,728,704 that was made or prepared before the patent application was filed, and the timing of the same.

## DEPOSITION TOPIC NO. 4

Your knowledge of any Verity K2 products embodying any invention claimed in U.S. Patent No. 6,728,704, particularly Verity K2 software, that was actually reduced to practice before the filing date of this patent, including the timing of each product's sale, marketing, manufacture, and use, as well as the features of any such product relevant to the U.S. Patent No. 6,728,704.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

## APPENDIX C (U.S. PATENT NO. 6,738,764)

### DOCUMENTS AND THINGS REQUESTED

**REQUEST FOR PRODUCTION NO. 1**

Document(s) or thing(s) <u>created before the filing date of U.S. Patent No. 6,738,764</u> sufficient to show the conception and reduction to practice of the claimed invention of U.S. Patent No. 6,738,764. Responsive documents or things may include, for example:

- inventor or lab notebooks;

- diaries and calendars;

- invention disclosure documents;

- draft patent applications;

- documents relating to the preparation, filing or prosecution of the patent application, including correspondence with prosecuting attorney(ies);

- drafts or copies of articles, abstracts, manuals and presentations relating to the subject matter of ~~pre-2002~~ adaptive ranking of search results.

- E-mails or posts relating to the subject matter of ~~pre-2002~~ adaptive ranking of search results.

- Source code or software relating to the subject matter of adaptive ranking of search results created on or before March 12, 2001.

### REQUEST FOR DEPOSITION

**DEPOSITION TOPIC NO. 1**

Facts and circumstances relating to the conception, development, testing of ~~any subject matter~~<u>the</u> claimed <u>inventions of</u> ~~in~~ U.S. Patent No. 6,738,764 <u>that</u> <u>occurred before the filing date of this patent</u>, including the decision to develop the subject matter, the time involved in the development, and the timing of the reduction to practice of the claimed invention.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

**DEPOSITION TOPIC NO. 2**

Facts and circumstances relating to the preparation, filing, or prosecution of ~~each~~ the application ~~relating to~~ that issued as U.S. Patent No. 6,738,764 <u>that occurred before the filing date of this patent</u>, including communications with any prosecuting attorney and other named inventors of U.S. Patent No. 6,738,764, and the timing of said applications and communications.

**DEPOSITION TOPIC NO. 3**

Your knowledge of any written description, communication, or drawing of any subject matter claimed in U.S. Patent No. 6,738,764 that was made or prepared before the patent application was filed, and the timing of the same.

**DEPOSITION TOPIC NO. 4**

Your knowledge of any <u>Verity K2</u> products embodying any invention claimed in U.S. Patent No. 6,738,764, particularly Verity <u>K2</u> software, <u>that was actually reduced to practice before the filing date of this patent</u>, including the timing of each product's sale, marketing, manufacture, and use, as well as the features of any such product relevant to the U.S. Patent No. 6,738,764.

IPR2022-01497 (Patent 6,738,764 B2)
IPR2022-01545 (Patent 6,728,704 B2)

FOR PETITIONER:

Matthew A. Smith
Andrew S. Baluch
SMITH BALUCH LLP
smith@smithbaluch.com
baluch@smithbaluch.com

FOR PATENT OWNER:

Hong A. Zhong
Amy E. Proctor
Blair Silver
IRELL & MANELLA LLP
hzhong@irell.com
aproctor@irell.com
bsilver@irell.com

# EXHIBIT C

DEFAULT PROTECTIVE ORDER

The following Default Protective Order will govern the filing and treatment of confidential information in the proceeding:

**Default Protective Order**

This protective order governs the treatment and filing of confidential information, including documents and testimony.

1.  Confidential information shall be clearly marked "PROTECTIVE ORDER MATERIAL."

2.  Access to confidential information is limited to the following individuals who have executed the acknowledgment appended to this order:

(A) Parties.  Persons who are owners of a patent involved in the proceeding and other persons who are named parties to the proceeding.

(B) Party Representatives.  Representatives of record for a party in the proceeding.

(C) Experts.  Retained experts of a party in the proceeding who further certify in the Acknowledgement that they are not a competitor to any party, or a consultant for, or employed by, such a competitor with respect to the subject matter of the proceeding.

(D) In-house counsel.  In-house counsel of a party.

(E) Support Personnel. Administrative assistants, clerical staff, court reporters and

117

other support personnel of the foregoing persons who are reasonably necessary to assist those persons in the proceeding shall not be required to sign an Acknowledgement, but shall be informed of the terms and requirements of the Protective Order by the person they are supporting who receives confidential information.

(F) <u>The Office</u>.  Employees and representatives of the United States Patent and Trademark Office who have a need for access to the confidential information shall have such access without the requirement to sign an Acknowledgement.  Such employees and representatives shall include the Director, members of the Board and their clerical staff, other support personnel, court reporters, and other persons acting on behalf of the Office.

3.  Employees (e.g., corporate officers), consultants, or other persons performing work for a party, other than those persons identified above in (d)(2)(A)–(E), shall be extended access to confidential information only upon agreement of the parties or by order of the Board upon a motion brought by the party seeking to disclose confidential information to that person and after signing the Acknowledgment. The party opposing disclosure to that person shall have the burden of proving that such person should be restricted from access to confidential information.

4.  Persons receiving confidential information shall use reasonable efforts to

118

maintain the confidentiality of the information, including:

(A) Maintaining such information in a secure location to which persons not authorized to receive the information shall not have access;

(B) Otherwise using reasonable efforts to maintain the confidentiality of the information, which efforts shall be no less rigorous than those the recipient uses to maintain the confidentiality of information not received from the disclosing party;

(C) Ensuring that support personnel of the recipient who have access to the confidential information understand and abide by the obligation to maintain the confidentiality of information received that is designated as confidential; and

(D) Limiting the copying of confidential information to a reasonable number of copies needed for conduct of the proceeding and maintaining a record of the locations of such copies.

5.   Persons receiving confidential information shall use the following procedures to maintain the confidentiality of the information:

(A)  Documents and Information Filed With the Board.

(i) A party may file documents or information with the Board along with a Motion to Seal.  The Motion to Seal should provide a non-confidential description of the nature of the confidential information that is under seal, and set forth the reasons why the information is confidential and should not be made available to the public.  A party may challenge the confidentiality of the information by opposing

119

the Motion to Seal.  The documents or information shall remain under seal unless the Board determines that some or all of it does not qualify for confidential treatment.

(ii) Where confidentiality is alleged as to some but not all of the information submitted to the Board, the submitting party shall file confidential and non-confidential versions of its submission, together with a Motion to Seal the confidential version setting forth the reasons why the information redacted from the non-confidential version is confidential and should not be made available to the public.  A party may challenge the confidentiality of the information by opposing the Motion to Seal.  The non-confidential version of the submission shall clearly indicate the locations of information that has been redacted.  The confidential version of the submission shall be filed under seal.  The redacted information shall remain under seal unless the Board determines that some or all of the redacted information does not qualify for confidential treatment.

 (B) Documents and Information Exchanged Among the Parties.  Documents (including deposition transcripts) and other information designated as confidential that are disclosed to another party during discovery or other proceedings before the Board shall be clearly marked as "PROTECTIVE ORDER MATERIAL" and shall be produced in a manner that maintains its confidentiality.

6.  Within 60 days after the final disposition of this action, including the

exhaustion of all appeals and motions, each party receiving confidential information must return, or certify the destruction of, all copies of the confidential information to the producing party.

(k) <u>Standard Acknowledgement of Protective Order</u>.  The following form may be used to acknowledge a protective order and gain access to information covered by the protective order:

[CAPTION]

**Standard Acknowledgment for Access to Protective Order Material**

I _____, affirm that I have read the Protective Order; that I will abide by its terms; that I will use the confidential information only in connection with this proceeding and for no other purpose; that I will only allow access to support staff who are reasonably necessary to assist me in this proceeding; that prior to any disclosure to such support staff I informed or will inform them of the requirements of the Protective Order; that I am personally responsible for the requirements of the terms of the Protective Order and I agree to submit to the jurisdiction of the Office and the United States District Court for the Eastern District of Virginia for purposes of enforcing the terms of the

121

Protective Order and providing remedies for its breach.


[Signature]