Kade N. Olsen (17775)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
kolsen@parrbrown.com

Michael D. Harbour (*Pro Hac Vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 203-7527
mharbour@irell.com

*Attorneys for Valtrus Innovations Limited*

# UNITED STATES DISTRICT COURT
# FOR DISTRICT OF UTAH

| | |
|---|---|
| VALTRUS INNOVATIONS LIMITED<br><br>v.<br><br>MICRO FOCUS SOFTWARE, INC. | VALTRUS INNOVATIONS LIMITED'S REPLY IN SUPPORT OF *EX PARTE* MOTION FOR EXPEDITED BRIEFING, HEARING, AND DECISION<br><br>Civil. Action No. 2:23-mc-399 |

**INTRODUCTION**

Micro Focus's Opposition to Valtrus's *ex parte* motion illustrates why expedited relief is necessary. Its objections to Valtrus's subpoenas have become a moving target. Micro Focus previously raised just two such objections both of which are now moot. First, Micro Focus contended that the supboenas were not valid because they were not issued by a district court clerk. Valtrus Mot. (Dkt. 1) at 8. Even assuming this is a defect (it is not), this has now been cured as the court clerk issued the subpoenas on June 26, 2023. Dkt. 14. Second, Micro Focus argued that the subpoenas were premature because the parties had sought reconsideration of the PTAB's discovery order. Dkt. 1 at 9. Even if this excused Micro Focus's non-compliance (it does not), the Precedential Opinion Panel of the PTAB denied this request yesterday. Harbour Decl., Ex. A.

Given that Micro Focus's sole reasons for resisting Valtrus's valid subpoenas are no longer applicable, the Court should promptly resolve this dispute and order Micro Focus to comply. Micro Focus's opposition, however, indicates that it now intends to raise several *new* objections that it has never even mentioned before despite having been served more than a month ago. This is just another delay tactic. These new objections are likewise without merit, and they demonstrate that, absent expedited resolution, Micro Focus will continue to evade its obligations until the relevant PTAB deadlines have passed.

**I.      UPDATE REGARDING PTAB PROCEEDINGS**

Before getting to the substance of Micro Focus's opposition, there has been a recent update to the schedule in the PTAB proceedings that is relevant to Valtrus's pending request for expedited resolution. Yesterday, Valtrus and Google entered into a stipulation extending Valtrus's response deadline in the PTAB proceedings from July 11, 2023, to August 15, 2023. Harbour Decl., Ex. B. Given this extension, Valtrus modifies its proposed briefing schedule on the pending motion to compel as follows:

|  | **Original Proposed Due Date** | **Modified Proposed Due Date** |
|---|---|---|
| **Micro Focus's opposition** | June 27, 2023 | June 30, 2023 |
| **Valtrus's reply** | June 29, 2023 | July 3, 2023 |
| **Hearing Date** | Earliest available | Earliest available |

This proposal is fair to Micro Focus. Indeed, as its brief notes, Micro Focus itself previously proposed a June 30, 2023 deadline for its opposition. Dkt. 17 at 4. While Valtrus could not accept this proposal at the time given its fast approaching July 11, 2023 deadline in the PTAB, circumstances have now changed. The proposed briefing schedule above will also ensure that Valtrus has sufficient time to conduct discovery after the Court rules on the motion to compel. Valtrus's new August 15, 2023 deadline to respond in the PTAB is still just weeks away, and Valtrus will need enough time to review Micro Focus's source code and related documents and depose Micro Focus and the named inventors of the challenged patents before it can prepare its response.

## II. THE COURT SHOULD GRANT EXPEDITED RESOLUTION

### A. Valtrus Did Not Delay In Seeking Relief

Micro Focus's first asserts that Valtrus "should have filed and served its motions at an earlier date." Dkt. 17 at 3. This is baseless. Micro Focus first informed Valtrus of its objections to the subpoenas on June 9, 2023. Dkt. 1-12. This was after the parties had already had multiple productive discussions, and it appeared that Micro Focus was prefectly willing to comply. Valtrus responded Micro Focus's objections, the very next business day explaining why Micro Focus's they lacked merit. Dkt. 1-13. One day later, Valtrus reached out to Micro Focus again reiterating its offer to compensate Micro Focus for any expenses it incurred conducting a search for responsive source code and documents. Dkt. 1-2 ¶ 17. Instead of engaging in good faith discussions, however, Micro Focus never responded to either of these communications. Once it became clear that Micro Focus was no longer willing to engage, Valtrus promptly sought relief in this Court on June 19, 2023. Valtrus should not

be penalized for attempting to reach a resolution before seeking court intervention. Any delay was the result of Micro Focus's obstruction, not Valtrus's lack of diligence.

### B. Micro Focus's Objections Lack Merit

The rest of Micro Focus's arguments go to the validity of Valturs's subpoenas, not its request for expedited resolution. Regardless, these arguments are also baseless. As noted above, Micro Focus's original objections to the subpoenas are now moot. While there is no requirement that the district court issue the supboenas under the Federal Rules of Civil Procedure, this has now been done.[1] Moreover, the Precedential Opinion Panel of the PTAB has now denied the previously pending request for rehearing and review of the PTAB's order granting third-party discovery on Micro Focus. Harbour Decl., Ex. A. Thus, Micro Focus's contention that "[t]he subpoenas are not based on a final order" is now irrelevant assuming it had any relevance in the first place. Dkt. 17 at 5.

Micro Focus now raises a host of new objections to the subpoenas validity. But these fair no better:

*First,* Micro accuses Valtrus of unnecessarily serving subpoenas on multiple different Micro Focus offices throughout the country. Dkt. 17 at 4, 6. Valtrus has repeatedly explained to Micro Focus why it took this step. Mirco Focus is a British company with multiple Untied States-based affiliates. Dkt. 1-13. As such, Valtrus did not know which affiliate was in possession of the relevant source code. *Id.* Valtrus therefore proceeded to serve each Micro Focus subsidiary offices with a subpoena out of an abundance of caution given the extraordinarily tight time frame. When Micro Focus raised this issue during the parties' meet and confer, Valtrus responded *on three separate occasions* that it would cease serving additional supboenas as long as Micro Focus confirmed that one of the affiliates that had already been served was in possession of the source code. Harbour Decl., Ex. C ("We were serving

---

[1] Micro Focus claims that the response date for these supboenas has not yet passed. But it has given every indication that it has no intention of complying with these subpoenas either. Thus, an order compelling compliance is still needed.

each entity because we were unsure which had possession of the source code and what the relationship between the entities are. But if you will confirm that any of the already served Micro Focus entities can produce the source code, we can stop service."); Dkt. 1-13 ("[O]n June 8, 2023, we stated via email that Valtrus would cease serving additional subpoenas as long as Micro Focus confirmed that any of the Micro Focus entities that have already been served was in possession of and could produce the relevant source code. We still have not received a response from Micro Focus.").

Micro Focus never responded to any of these offers. Micro Focus's opposition makes no mention of this correspondence. Valtrus also made clear that Micro Focus need not respond to any of the other served subpoenas as long as it agrees the parent that is the subject of the subpoena before this Court has the ability to control access to the code. Harbour Decl., Ex. D at 1 ("[W]e have repeatedly told you there is no need to respond to any other subpoenas other than the one served on the parent Micro Focus entity that we are now seeking to enforce in Utah as long as you confirm the parent has custody or control over the code we are seeking. Our concern is that Micro Focus is going to suddenly announce the code is held by another affiliate."). MicroFocus accuses Valtrus of somehow engaging in "forum shopping." Dkt. 17 at 6. This is the exact opposite of Valtrus's goal. It wants a single Court, this Court, to compel compliance with the subpoena.

*Second,* Micro Focus is now taking the exact position that Valtrus feared, i.e., that "the subpoenas may not be directed at the correct entity" because " 'Micro Focus Software, Inc.' . . . is not the entity that would possess the records and information being sought by Valtrus." *Id.* The Court should reject this late excuse which has been waived by not being included in Micro Focuses objections and because MicroFocus did not seek a protective order on this basis. *See, e.g.,* Federal Rules of Civil Procedure, Rules and Commentary Rule 45 ("The general rule is that objections not raised within the 14-day period under Rule 45(d)(2)(B) are waived.") (citing cases); *McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 384 (C.D. Cal. 2002) (A party may not refuse to respond to subpoena. "Rather, a protective order or motion to quash the subpoena is required.").

- 4 -

Micro Focus's website identifies its Provo office (the one affiliated with Micro Focus Software Inc.) as its United States corporate headquarters. Harbour Decl. ¶ 6. Consistent with this, the Micro Focus US website hosted references to the specific code at issue. Harbour Decl. ¶ 7, Ex. F. Even assuming that the source code is not located at this particular office, the corporate headquarters can no doubt secure its production. *United States v. 2121 Celeste Rd. SW, Albuquerque, N.M.*, 307 F.R.D. 572, 590 (D.N.M. 2015) ("Simply put, if a person, corporation, or a person's attorney or agent can pick up a telephone and secure the document, that individual or entity controls it."). Indeed, the PTAB has already held that "even if Micro Focus no longer has physical custody and possession of the Verity K2 source code, it likely has sufficient control and the right or practical ability to secure or compel production of the source code if it continues to sell the Verity K2 products in the United States." Dkt. 1-9 at 11. Micro Focus has never disputed that it does, nor can it. Since Micro Focus acquired Verity, it is now a holder of the copyright code for the Verity developer's kit v.2.7 that is registered with the copyright office. Dkt. 1 at 6; Dkt. 1-11 at 1.

*Third,* Micro Focus's attempt to identify other supposed technical defects with the subpoenas—including that they should have been served on a different person and that the proof service is somehow inadequate—are not well taken. Micro Focus does not dispute that it received the subpoenas by at least March 26, 2023, Dkt. 1-2 ¶ 3, nor does it explain why it never raised these objections before. Regardless, even assuming Micro Focus's complaints are accurate, courts in this circuit have made clear that such "procedural technicalities" do no warrant non-compliance. Dkt. 1 at 8 (citing *Ellis-Hall Consultants, LLC v. Hoffmann*, No. 2:12-CV-00771, 2018 WL 4215114, at *3 (D. Utah Sept. 4, 2018) and *Natta v. Hogan*, 392 F.2d 686, 690 (10th Cir. 1968)). Regardless, the court clerk has now issued two subpoenas, which were served on Micro Focus's counsel of record in this case by CM/ECF. Dkt. 14.

Finally, Micro Focus argues that locating the source code will "take time." Dkt. 17 at 6. Micro Focus received the subpoena on May 26, 2026. Dkt. 1-2 ¶ 3. Valtrus has sent detailed explanations to

- 5 -

Micro Focus on June 7, 2023 and June 12, 2023 explaining how they should search for the materials. But there is no reason why this should be the case. Dkt. 1-2 ¶¶ 11, 13. As noted in Valtrus's motion, portions of the Verity K2 source code have been deposited in the United States copyright office. Dkt. 1 at 6. Further, as of just this year, Micro Focus's website contained numerous references to this code. Harbour Decl. ¶ 7, Ex. F. Regardless, the fact that locating source code will "take time" if true only demonstrates why expedited relief is necessary. Micro Focus's refusal to comply with the subpoenas is only compounding this delay.

## CONCLUSION

The Court should accordingly grant Valtrus's request for expedited resolution and order the following proposed briefing and hearing schedule.

|  | **Original Proposed Due Date** | **Modified Proposed Due Date** |
| --- | --- | --- |
| **Micro Focus's opposition** | June 27, 2023 | June 30, 2023 |
| **Valtrus's reply** | June 29, 2023 | July 3, 2023 |
| **Hearing Date** | Earliest available | Earliest available |

Dated: June 28, 2023.                                PARR BROWN GEE & LOVELESS

*/s/ Kade N. Olsen*
Kade N. Olsen

*Attorneys for Valtrus Innovations Limited`*