IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VALTRUS INNOVATIONS LIMITED,<br><br>Petitioner,<br><br>v.<br><br>MICRO FOCUS SOFTWARE, INC.,<br><br>Respondent. | **ORDER DENYING PETITIONER'S MOTION FOR EXPEDITED BRIEFING, HEARING, AND DECISION**<br><br>2:23-mc-00399-RJS<br><br>Chief District Judge Robert J. Shelby |

On June 19, 2023, Petitioner Valtrus Innovations Limited filed a Motion to Compel, seeking to obtain third-party discovery that was approved by the Patent Trial and Appeal Board (PTAB) as part of *inter partes* review proceedings between Valtrus and Google LLC.[1] Specifically, Valtrus seeks source code, documentation, and testimony related to Verity K2 software purportedly held by a non-party, Respondent Micro Focus Software, Inc.[2] After PTAB approved the scope of third-party discovery, Valtrus states it "issued [the] PTAB-authorized subpoenas for documents and testimony on Micro Focus on May 26, 2023 and had them served at various Micro Focus offices in the following week."[3] Though communications between the two parties were promising at first, they soon dissolved amid Micro Focus's contentions that Valtrus's process servers were harassing office staff and the discovery requests were unreasonable and overbroad.[4] Valtrus eventually responded by filing its Motion to Compel,

---

[1] Dkt. 1, *Motion to Compel Compliance with Subpoena* (relating to *Google LLC v. Valtrus Innovations Ltd.*, IPR2022-01545 and IPR2022-01497 (P.T.A.B. Apr. 12, 2023)).

[2] *Id.* at 2; *see also* Dkt. 1-10, *Exhibit 8 to Valtrus's Motion: Requests for Production*.

[3] Dkt. 1 at 5.

[4] *Id.* at 5–6; *see also* Dkt. 17-1, *Exhibit 1 to Micro Focus's Opposition to Valtrus's Motion for Expedited Briefing, Hearing, and Decision*.

asserting that "time is of the essence" because "Valtrus'[s] submission to the PTAB [related to the Verity K2 software] is currently due . . . on July 11, 2023."[5]

Now before the court is Valtrus's Motion for Expedited Briefing, Hearing, and Decision for its pending Motion to Compel, which asserts that "[a]n expedited schedule . . . is necessary because the deadlines in the *inter partes* review are fast approaching."[6] Without the "critical" information from Micro Focus regarding the Verity K2 software, Valtrus contends "it will be deprived of its right to defend the validity of its patents."[7] Accordingly, it requested an expedited briefing schedule, with Micro Focus's Opposition due on June 27, 2023, followed by Valtrus's reply brief on June 29, 2023, and a hearing as soon as possible thereafter.[8] Micro Focus opposes Valtrus's request on the grounds that, among other things, "[a] non-party . . . like Micro Focus should not be burdened with the additional expenses inherently associated with expedited briefing."[9] It argues that Valtrus's efforts to obtain compliance with the subpoena were less than expeditious and deviated from the procedures contemplated by 35 U.S.C. § 24 and Federal Rule of Civil Procedure 45.[10]

On balance, the court agrees with Micro Focus. While Valtrus's sense of urgency is understandable, Micro Focus has presented several reasons why it opposes Valtrus's subpoena and urges that it will need "an appropriate amount of time to address these issues and respond

---

[5] Dkt. 1 at 2. Valtrus has since stated that the relevant deadline has been moved to August 15, 2023, which "is still just weeks away." *See* Dkt. 21, *Valtrus's Reply in Support of Its Motion for Expedited Briefing, Hearing, and Decision* at 2–3.

[6] Dkt. 4 at 2.

[7] *Id.*

[8] *Id.* at 6; *see also* Dkt. 21 at 7 (modifying the requested due date for Micro Focus's opposition to June 30, 2023, with Valtrus's reply due on July 3, 2023, and a hearing as soon as possible thereafter).

[9] Dkt. 17 at 3–4.

[10] *Id.* at 3–6.

fully to the motion to compel."[11]  The court is reluctant to compel Micro Focus—a non-party—to bear the added costs and disruption of expedited briefing under these circumstances.

Additionally, the record before the court suggests this is at least partly a crisis of Valtrus's own making.  Instead of following the normal practice of serving Micro Focus's registered agent with a subpoena issued by "[t]he clerk of any United States court,"[12] Valtrus initially followed a scattershot approach targeting a number of Micro Focus offices.[13]  After two weeks of relatively unproductive communications between counsel,[14] Micro Focus sent Valtrus a letter on June 9, 2023, clearly opposing the subpoena and stating it "consider[ed] the matter closed."[15]  When confronted with this rejection, Valtrus waited an additional ten days before filing its Motion to Compel.[16]  Though Valtrus explains it sought to "reach a resolution before seeking court intervention,"[17] the decision to wait two weeks before filing the Motion to Compel undermines the stated urgency of briefing at this juncture.

Sister courts have expressed an unwillingness to hold non-parties "to the same demands as [] litigants to the case,"[18] and this court is keenly aware of the need to protect non-parties

---

[11] *Id.* at 6.

[12] *See* 35 U.S.C. § 24.

[13] *See* Dkt. 17 at 2 ("Valtrus has . . . delivered nearly twenty [] substantively-identical subpoenas to various Micro Focus offices located across the nation."); Dkt. 1 at 5 (asserting that Valtrus had subpoenas "served at various Micro Focus offices").

[14] *See generally* Dkt. 17-1.

[15] *See* Dkt. 1-12, *Exhibit 10 to Micro Focus's Opposition: June 9, 2023 Correspondence from Micro Focus's Counsel*.

[16] Dkt. 1 (filed on June 19, 2023).

[17] *See* Dkt. 21 at 3–4.

[18] *See Lazy S Ranch Props., LLC v. Valero Energy Corp.*, No. CIV-19-425-RAW, 2021 U.S. Dist. LEXIS 203087, at *4 (E.D. Okla. Oct. 21, 2021) (rejecting a party's request for expedited briefing for a motion seeking to compel production from a non-party).

"from 'undue burden' when complying with a subpoena," pursuant to Rule 45.[19]  Here, the record shows Valtrus took ample time to craft its Motion to Compel.  For the reasons stated above, the court will afford Micro Focus—a non-party—the usual opportunity to respond to this Motion.  Pursuant to Local Rule 7-1, Micro Focus's response will be due on July 3, 2023, and Valtrus's reply brief, if it chooses to submit one, will be due within 14 days after service of the response.[20]  If the court concludes oral argument will be materially helpful, it will hold a hearing as soon as possible thereafter.  Accordingly, Valtrus's Motion for Expedited Briefing, Hearing, and Decision is DENIED.[21]

SO ORDERED this 30th day of June, 2023.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[19] *Swasey v. W. Valley City*, No. 2:13-cv-00768-DN-BCW, 2016 U.S. Dist. LEXIS 144424, at *17 (D. Utah Oct. 18, 2016) (discussing whether Rule 45 requires the party seeking discovery to pay for a non-party's expenses incurred in producing a privilege log.).

[20] *See* DUCivR 7-1(a)(4)(D).

[21] Dkt. 4.